# MANDATORY JUDICIAL COGNIZANCE - NOTICE

### UNANIMOUS Decision from SCOTUS

### Court clarifies rules for rescinding mortgages

**JESINOSKI v. COUNTRYWIDE**

Held: A borrower exercising his right to rescind under the Act need only provide written notice to his lender within the 3-year period, not file suit within that period. Section 1635(a)'s unequivocal terms—a borrower "shall have the right to rescind ... by notifying the creditor ... of his intention to do so" (emphasis added)—leave no doubt that rescission is effected when the borrower notifies the creditor of his intention to rescind. This conclusion is not altered by §1635(f), which states when the right to rescind must be exercised, but says nothing about how that right is exercised. Nor does §1635(g)—which states that "in addition to rescission the court may award relief ... not relating to the right to rescind"—support respondents' view that rescission is necessarily a consequence of judicial action. And the fact that the Act modified the common-law condition precedent to rescission at law, see §1635(b), hardly implies that the Act thereby codified rescission in equity.

## MANDATORY JUDICIAL NOTICE – DIVERSITY AND AMOUNT IN CONTROVERSY

# 28 U.S. Code § 1332 - Diversity of citizenship; amount in controversy; costs

Current through Pub. L. 114-19. (See Public Laws for the current Congress.)

- **US Code**
- **Notes**

prev | next

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

(1) citizens of different States;

(2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for PERMANENT residence in the United States and are domiciled in the same State;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603 (a) of this title, as plaintiff and citizens of a State or of different States.

(b) Except when express provision therefor is otherwise made in a statute of the United States, where the plaintiff who files the case originally in the Federal courts is finally adjudged to be entitled to recover less than the sum or value of $75,000, computed without regard to any setoff or counterclaim to which the defendant may be adjudged to be entitled, and exclusive of interest and costs, the district court may DENY costs to the plaintiff and, in addition, may impose costs on the plaintiff.

(c) For the purposes of this section and section 1441 of this title—

(1) a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of—

(A) every State and foreign state of which the insured is a citizen;

(B) every State and foreign state by which the insurer has been incorporated; and

(C) the State or foreign state where the insurer has its principal place of business; and

(2) the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent, and the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent.

(d)

(1) In this subsection—

(A) the term "class" means all of the class members in a class action;

(B) the term "class action" means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial

## MANDATORY JUDICIAL NOTICE – DIVERSITY AND AMOUNT IN CONTROVERSY

procedure authorizing an action to be brought by 1 or more representative persons as a class action;

(C) the term "classCERTIFICATION( order" means an order issued by a court approving the treatment of some or all aspects of a civil action as a class action; and

(D) the term "class members" means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action.

(2) The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—

(A) any member of a class of plaintiffs is a citizen of a State different from any defendant;

(B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or

(C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

(3) A district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction under paragraph (2) over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed based on consideration of—

(A) whether the claims asserted involve matters of national or interstate interest;

(B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;

(C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;

(D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;

(E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantiallyLARGER( than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and

(F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

(4) A district court shall decline to exercise jurisdiction under paragraph (2)—

(A)

(i) over a class action in which—

(I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

(II) at least 1 defendant is a defendant—

(aa) from whom significant relief is sought by members of the plaintiff class;

(bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

(cc) who is a citizen of the State in which the action was originally filed; and

## MANDATORY JUDICIAL NOTICE – DIVERSITY AND AMOUNT IN CONTROVERSY

**(III)** PRINCIPAL⟨ *⟩injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

**(ii)** during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons; or

**(B)** two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

**(5)** Paragraphs (2) through (4) shall not APPLY⟨ *⟩ to any class action in which—

**(A)** the primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief; or

**(B)** the number of members of all proposed plaintiff classes in the aggregate is less than 100.

**(6)** In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

**(7)** Citizenship of the members of the proposed plaintiff classes shall be determined for purposes of paragraphs (2) through (6) as of the date of filing of the complaint or amended complaint, or, if the case stated by the initial pleading is not subject to Federal jurisdiction, as of the date of service by plaintiffs of an amended pleading, motion, or other paper, indicating the EXISTENCE⟨ *⟩ of Federal jurisdiction.

**(8)** This subsection shall apply to any class action before or after the entry of a class CERTIFICATION⟨ *⟩ order by the court with respect to that action.

**(9)** Paragraph (2) shall not apply to any class action that solely involves a claim—

**(A)** concerning a covered SECURITY⟨ *⟩ as defined under 16(f)(3) [1] of the SECURITIES⟨ *⟩ Act of 1933 (15 U.S.C. 78p (f)(3) [2] ) and section 28(f)(5)(E) of the Securities Exchange Act of 1934 (15 U.S.C. 78bb (f)(5)(E));

**(B)** that relates to the internal affairs or governance of a corporation or other form of BUSINESS⟨ *⟩ enterprise and that arises under or by virtue of the laws of the State in which such corporation or business enterprise is incorporated or organized; or

**(C)** that relates to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any SECURITY⟨ *⟩ (as defined under section 2(a)(1) of the Securities Act of 1933 (15 U.S.C. 77b (a)(1)) and the regulations issued thereunder).

**(10)** For purposes of this subsection and section 1453, an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of BUSINESS⟨ *⟩ and the State under whose laws it is organized.

**(11)**

**(A)** For purposes of this subsection and section 1453, a mass action shall be deemed to be a class action removable under paragraphs (2) through (10) if it otherwise meets the provisions of those paragraphs.

**(B)**

**(i)** As used in subparagraph (A), the term "mass action" means any civil action (except a civil action within the scope of section 1711 (2)) in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the

## MANDATORY JUDICIAL NOTICE – DIVERSITY AND AMOUNT IN CONTROVERSY

ground that the plaintiffs' claims involve common questions of law or fact, except that jurisdiction shall<u>EXIST</u>⟨ ⟩ only over those plaintiffs whose claims in a mass action satisfy the jurisdictional amount requirements under subsection (a).

**(ii)** As used in subparagraph (A), the term "mass action" shall not include any civil action in which—

**(I)** all of the claims in the action arise from an<u>EVENT</u>⟨ ⟩ or occurrence in the State in which the action was filed, and that allegedly resulted in injuries in that State or in States contiguous to that State;

**(II)** the claims are<u>JOINED</u>⟨ ⟩ upon motion of a defendant;

**(III)** all of the claims in the action are asserted on behalf of the general public (and not on behalf of individual claimants or members of a purported class) pursuant to a State statute specifically authorizing such action; or

**(IV)** the claims have been consolidated or coordinated solely for pretrial proceedings.

**(C)**

**(i)** Any action(s) removed to Federal court pursuant to this subsection shall not thereafter be transferred to any other court pursuant to section <u>1407</u>, or the rules promulgated thereunder, unless a majority of the plaintiffs in the action request transfer pursuant to section <u>1407</u>.

**(ii)** This subparagraph will not<u>APPLY</u>⟨ ⟩—

**(I)** to cases certified pursuant to rule 23 of the Federal Rules of Civil Procedure; or

**(II)** if plaintiffs propose that the action<u>PROCEED</u>⟨ ⟩ as a class action pursuant to rule 23 of the Federal Rules of Civil Procedure.

**(D)** The limitations periods on any claims asserted in a mass action that is removed to Federal court pursuant to this subsection shall be deemed tolled during the period that the action is pending in Federal court.

**(e)** The word "States", as used in this section, includes the Territories, the District of Columbia, and the Commonwealth of Puerto Rico.

# MANDATORY JUDICIAL COGNIZANCE - NOTICE
# MISPRISON OF FELONY - INFORMATION

TITLE 15
Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (g) (8),

TITLE 18
 Misprision of Felony (18 U.S.C. § 4) ***
   Misprision of a Felony
     Misprision of A Felony (Failing to report a felony)
 18 USC § 225 - Continuing financial crimes enterprise
 Conspiracy Against Rights  (18 U.S.C. § 241)
18 U.S.C § 1001 - Statements or entries generally
 Bank entries, reports and transactions (18 USC § 1005)
Title records
Insurance Fraud(18 U.S.C. §1033)
 Frauds & Swindles (18 U.S.C. 1341)
  2008 Criminal Investigation and Prosecution Act
Fraud by wire (18 U.S.C. 1343)
Definition of "scheme or artifice to defraud (18 U.S.C. 1343)
Securities and Commodities Fraud (18 U.S.C. 1348)
Attempt and Conspiracy (18 U.S.C. 1349)
Failure of corporate officers to certify financial statements
Perjury (18 U.S.C. 1621)
Subordination of perjury (18 U.S.C. 1622)
Extortion (18 U.S.C. 1951(b)(2
U.S.C. Title 18 § 2071 and 2073 (falsifying records)
 U.S.C. Title 18 § 471, 472, 473 and/or 513, and further: using corrupt
business practices to make and possess false records and claim of
obligation, not substantiated by truthful facts in violation of the
Federal Racketeer Influences and Corrupt Organization (RICO),
U.S.C. Title 18 § 1961 et. seq.
Title 18 U.S.C. § 1842 – Fictitious Names.

# MANDATORY JUDICIAL COGNIZANCE - NOTICE
# MISPRISON OF FELONY - INFORMATION

*TITLE 42*

*Interference with commerce by threats (42 U.S.C. 1951)*

*Civil action for deprivation of rights (42 U.S.C. 1983)*

*Conspiracy to interfere with civil rights (42 U.S.C. 1985)*

*Action for neglect to prevent (42 U.S.C. 1986)*

*Violations: penalties (42 U.S.C. 3631)*

*Other / miscellaneous*

*Financial Institutions Recovery & Reform Act (FIRREA)*

*(Consent Orders / Stipulations)*

*Rule 404(b)*

PREPARED BY: Owen Thomas Lennon (sic)
C/o: General Post Office
2 W. Emerald Isle Dr.
Lake Hopatcong, New Jersey republic
Non domestic to the United States
Warning 39 USC-3003
Near [07849]

AND WHEN RECORDED MAIL TO:
Owen Thomas Lennon (sic)
C/o: General Post Office
2 W. Emerald Isle Dr.
Lake Hopatcong, New Jersey republic
Non domestic to the United States
Warning 39 USC-3003
Near [07849]

---

**NOTICE OF RESCISSION OF MORTGAGECONTRACT/TRANSACTION ALLEGED LOAN # IN MORRIS COUNTY BOOK NUMBER 18895 PAGE NUMBER 067; MORTGAGE AND ANY ALLEGED ASSIGNMENTS TO ANY 3RD PARTIES RECORDED OR UNRECORDED: NOTICE OF REVOCATION OF SIGNATURES AND POWERS OF ATTORNEYS AS THEY RELATE TO THE NOTE AND MORTGAGE/SECURITY AGREEMENT any federal reserve Bank -THE BANK, FSB, AKA MORTGAGEE /LENDER; ANY AND ALL UNKNOWN AND UNREVEALED WAREHOUSE LENDERS; WHOLESALE LENDERS, RETAIL LENDERS; ANY FEDERAL RESERVE BANK, OR SERVICER, ET AL; FSB, AND FOR ALL KNOWN, REVEALED AND ALL UNREVEALED, ASSUMED, PRESESUMED, EXPRESSED  OR IMPLIED IN LAW OR IN FACT UNKNOWN, UNREVEALED ACCOMMADATION/PARTIES, TRUSTEES, FIDUCIARIES, NOMINEES AND THEIR ASSIGNS, APPOINTEES, NOMINEESAUTHORIZED REPRESENTATIVES/ AGENTS AND ARE DECLARED TO BE NULL AND VOID, OF NONE AFFECT, VOID AB INTITIO TO THE DATE OF THE BEGINNING. ALL SUCH DOCUMENTS ARE TO BE REMOVED FROM THE COUNTY RECORDS DUE TO THE ARTICULATE FACTS AND ELEMENTS OF FRAUD LISTED AND CONTAINED IN THIS RESCISSION AND REVOCATION OF SIGNATURES AND POWERS OF ATTORNEY**


**NOW KNOW ALL MEN BY THESE PRESENTS,** that I, Owen Thomas Lennon (sic), a live, flesh and blood sentient being, a free single man on the land do hereby give: NOTICE OF RESCISSION[i] OF MORTGAGE / LOAN CONTRACT-TRANSACTION as is/are listed in their entirety above as well as to any future claims of any nature against the said transaction device and the land/property/estate the subject thereof.  All signatures and powers of attorney are hereby revoked and removed from the said financial instruments and the collateral pledge(s) attached


### NOTICE OF RESCISSION OF MORTGAGE CONTRACT

**TRANSACTION OF ALLEGED LOAN # in MORRIS COUNTY Book 18895 page 067**

1-9

thereto. THE RESCISSION/CANCELLATION OF THE SAME ALONG WITH: NOTICE OF REVOCATION OF SIGNATURES AND POWERS OF ATTORNEY OF Owen Thomas Lennon (sic) related thereto DO HEREBY EXERCISE MY ABSOLUTE RIGHT OF RESCISSION[ii], APPOINTMENT AND FIRING OF FIDUCIARIES UNDER THE **"NATIONAL POWER OF APPOINTMENT ACT OF 1951 AND THE ARIZONA POWER OF APPOINTMENT ACT,** TO APPOINT, REPLACE, and/or FIRE ANY AND ALL "ALLEGED/PURPORTED" TRUSTEES, FIDUCIARIES, NOMINEES AND THEIR SUCCESSORS, ASSIGNS, APPOINTEES, AUTHORIZED REPRESENTATIVES/AGENTS AND THE ASSOCIATED CONTRACTS/COVENANTS; AND TO FURTHER EXERCISE MY LAWFUL REMEDY, PEACEFULLY BY CONTRACT; DUE TO THE FRAUD IN THE INDUCEMENT, CONSTRUCTIVE FRAUD, ACTUAL FRAUD, INTRINSIC AND EXTRINSIC FRAUD ON THE PART OF FIRST NATIONAL BANK OF ARIZONA, MERS INC., AS NOMINEES FOR FIRST NATIONAL BANK OF ARIZONA, HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR GSAA HOME EQUITY TRUST 2005-12, MORTGAGEES, THEIR EXECUTIVES, BOARD OF DIRECTORS AND ALL OTHER SUBORDINATES, EMPLOYEES,  OF WHATEVER NATURE AND TO IMPLEMENT MY REMEDY TO RECOUPMENT OF ANY AND ALL OF THE MONIES GENERATED FROM THE SALE OF THE ORIGINAL NOTE IN THE SECURITIZATION PROCESS AND TO FURTHER DEMAND THE  REMOVAL OF ALL SUCH INSTRUMENTS FROM THE REGISTRY IN THE MORRIS COUNTY REGISTER OF DEEDS, SECURITY AND EXCHANGE REGISTRY AS WELL AS WELL AS ALL THE FDIC INSURANCE POLICIES, RE-INSURANCE POLICIES AND UNDERWRITINGS, INCLUDING BUT NOT LIMITIED TO ALL ESCROW ACCOUNTS CONCERNING SAID TRANSACTIONS;  ALL SUCH ARE TERMINATED AND ARE HEREBY DECLARED TO BE NULL AND VOID, OF NONE EFFECT, VOID AB INTITIO, NUNC PRO TUNC TO THE DATE OF THE 15[TH] DAY OF JANUARY 2007.

### STATEMENT OF TRANSACTION AND THE FRAUDULENT ACTIVITY THEREIN

1. **Fact:** That I, Owen Thomas Lennon{sic} did negotiate with "FIRST NATIONAL BANK OF ARIZONA", to obtain a "Loan" under "RESPA" in the amount of $460,000.00.
2. **Fact:** That a meeting of the minds was entered into by all parties and an agreement with a FIXED / OR ARM rate of interest and was ratified at a closing held with an NATIONWIDE TITLE CLEARING, INC on the 17th day of May 2005, for property, whose mailing location is: **commonly accepted** address of property under dispute IS 2 West Emerald Isle Drive, Lake Hopatcong, NJ.07849
3. **Fact:** At that time a Promissory Note in the amount of $ 460,000.00 was signed by (by accommodation for the original beneficiary) Owen Thomas Lennon(sic) and presented to the Title Company or bank representatives to secure an alleged loan.

### NOTICE OF RESCISSION OF MORTGAGE CONTRACT

### TRANSACTION OF ALLEGED LOAN #  in MORRIS COUNTY Book 18895 page 067

2-9

4. **Fact:** That at the time of the closing I, Owen Thomas Lennon(sic) (having been promised as is stated on the note) (acting by accommodation for the original beneficiary) that I received a loan/funds/money **DID NOT** receive any such loan from any federal reserve Bank FIRST NATIONAL BANK OF ARIZONA, ("FIRST NATIONAL BANK OF ARIZONA.").MERS INC, AS NOMINEES FOR FIRST NATIONAL BANK OF ARIZONA, HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR GSAA HOME EQUITY TRUST 2005-12, -THE  BANK, as advertised and promised.

5. **Fact:** That the first line of the Promissory Note stated that I had already received the loan, when in fact I had **NOT** nor did I have any semblance of any such financial instrument in my possession nor was any such instrument ever presented to me.

6. **Fact:** Such conduct at the closing by the bank or Title Company on behalf of the "Pretender Lender" constitutes a Breach of Contract, Fraud by Concealment, Fraud by nondisclosure and Fraud in the Inducement.

7. **Fact:** That immediately after the Note and Mortgage were signed, NATIONWIDE TITLE CLEARING INC took possession of both instruments allegedly on behalf of a federal reserve Bank - any federal reserve Bank -THE  BANKS.

8. **Fact:** That after an extensive research, Owen Thomas Lennon(sic) has learned that the "Note" was illegally severed from the mortgage thus illegally manufacturing a counterfeited asset/mortgage backed security constituting an unlawful / illegal transaction.

9. **Fact:** That when the "NOTE" was illegally severed it was converted into a "demand deposit" changing the nature of the instrument from a "DRAFT" into accounts receivable, i.e. monetizing the same and therefore paying for the house in it's entirety within 72 hours of the closing.

10. **Fact:** That the Note was then converted into a "SECURITY" via "SECURITIZATION PROCESS" with the "NOTE" being "pooled/bundled" with other "NOTES" ("alleged original note" without the mortgage attached) being placed into an asset-backed and mortgage-backed SECURITIES POOL and with the same being illegally sold on the SEC, including but not limited to the DTC (Depository Trust Company) and DTCC (Depository Trust Company Clearinghouse). Believed to be In violation of law. (See 18 USC § 478, 479, 241, 242 etc. et al)

11. **Fact:** That these securities are counterfeit and should be removed from the SEC market in that the actual alleged assets are not effectively connected to meet the standards of a valid and lawful SECURITY, as defined by the SEC. (See 18 USC § 478, 479, 241, 242 etc. et al.)

12. **Fact:** That the Mortgage that was registered and recorded at the Morris County Register of Deeds or Clerks Office is fraudulent in that the house was paid in full at the closing by the tendering of the Note by Owen Thomas Lennon(sic) placing his live bona fide wet ink signature thereon and that we ourselves actually funded the "NOTE" via a back door electronic transfer of funds from our Birth Certificate Trust / Estates (Constructive Trust-Cestui Que Vie Trust of 1666, commonly referred to as the social security account,

**NOTICE OF RESCISSION OF MORTGAGE CONTRACT**

**TRANSACTION OF ALLEGED LOAN # in MORRIS COUNTY Book 18895 page 067**

3-9

property held in trust by the alien property custodian) that had been illegally accessed by the "Pretender" Lender and other unknown parties and channeled through the Federal Reserve Bank, FDIC, DTC, IMF, WORLD BANK etc. as "Shadow Banking Companies" and any other unknown accommodation / third parties in a worldwide major banking fraud scheme.

13. **Fact:  No evidence exists,** That a valid and timely assignment of any nature was recorded or has been recorded in in the respective County Clerks, or County Register of Deeds Office whereby any valid assignment by any federal reserve Bank –THE BANK, FSB (FEDERAL CREDIT INSTITUTION) to any 3rd or accommodation parties including but not limited to any "REAL PARTY IN INTEREST-FRCP 17 (a)" (a party entitled to enforce hereafter "PETE")

14. **Fact:**  That without such a lawful assignment, neither any federal reserve Bank -THE BANK, FSB (FEDERAL CHARTERED BANK) had legal or lawful standing to make a claim against said property as they lacked having a vested security interest in the original loan. (any and all legal actions undertaken are therefore fraud upon the court)

15. **Fact:**  That due to these and other Predatory lending Practices and schemes, Unfair Trade Practices, Consumer Fraud and numerous other Fraudulent activities on the part of the Title Company, Wholesale Lender, any and all federal reserve Bank -THE BANKS,, and their Executive Officers and Board of Directors, We, Owen Thomas Lennon(sic) by divine right, in exercising my Sovereign prerogative; am exercising my right to Rescind and cancel the entire contract and remove all signatures and Powers of Attorney attached thereto in that I have just recently discovered these multiple issues of actual, constructive, intrinsic, extrinsic and actual fraud.

16. **Fact:**  That I have become aware that any allegedly chartered Mortgage Originator,…Inc., and or Freddie Mac, Fannie Mae,  have used via any BAR attorneys et al; acting as, a 3rd party debt collection agency have knowingly, intentionally, and voluntarily have; and might attempt to conduct an invalid and fraudulent "Sheriff sale" acting as  along with any allegedly chartered Mortgage Inc., and Freddie Mac, MERS or any other entity; are continuing a Pattern, Practice, Custom and Usage in Racketeering and RICO at all times acting in the stream of interstate & intrastate commerce to steal and plunder yet another innocent victims rights and rights to property/land and home.

17. **Fact:**  That this Rescission and Revocation of Signatures and Powers of Attorney effectively eliminates any form of actionable and enforceable contract nullifying the same ab initio, nunc proc tunc to the 13th day of July 2007.

18. **Fact:**  That due to the intrinsic, extrinsic fraud, fraud in the factum, and actual fraud on the part of any BAR attorneys et al; acting as debt collectors et al including but not limited to the County Legal news, (and all other Publishers; which is owned by the Bar Association to implement their schemes of artifice and fraud upon the people of common right) all Attorneys, acting in concert, along with all Licensed realtors, actively engaged in the marketing thereof, all Publications involved in said schemes, All Title companies et al; all County recorders Offices, et al; all Courts ruling unlawfully on behalf of the

### NOTICE OF RESCISSION OF MORTGAGE CONTRACT

**TRANSACTION OF ALLEGED LOAN #  in MORRIS COUNTY Book 18895 page 067**

4-9

Banks, all Law Enforcement agents and agencies, all Conspire to maliciously use forms of legal process in an illegal manner to obtain an illegal end) under the authority of the County Sheriffs et al; including but not limited to all deputies, , and all other unknown civil servants working for the Civil Division of the various County Sheriff's department having willfully, wantonly, and recklessly disregarded repeated claims of Owen Thomas Lennon(sic) regarding mortgage fraud, banking fraud, and foreclosure fraud.

19. **Fact:** That I, Owen Thomas Lennon(sic) have full right and entitlement to be restored via recoupment for all of the monies that we have paid out, the amount of the original note, escrow accounts et al; plus treble damages for the torts so wrongfully incurred to date.

## RESCISSION AND REVOCATION OF SIGNATURES AND POWERS OF ATTORNEY

That I, Owen Thomas Lennon(sic) a live sentient immortal soul, flesh and blood living being a free man on the land, Executor, of the Living will, nominee, beneficiary authorized representative of , OWEN THOMAS LENNON A FICTION, A TRUST, AND STRAWMAN DO HEREBY Rescind, cancel, abjure denounce, remove, renounce, blot out, nullify, remove and make null and void, of none effect said ARM or fixed Rate Mortgage Instrument; including but not limited to said "ORIGINAL NOTE BOTH BACK AND FRONT" entered into with any federal reserve Bank -THE BANK, (now allegedly managed by any allegedly chartered Mortgage company or corporation, who is covered by the FDIC insurance or licensed by the Comptroller of the Currency (COC).) dated the 17th day of May 2005, nunc pro tunc 10 calendar years, pertaining to the property located at 2 West Emerald Isle Drive Lake Hopatcong, New Jersey and further described as:

FULL LEGAL DISCRIPTION OF PROPERTY; (to be added **on schedule A only if required**)

As it relates to:

A. All federal Reserve Bank N.A. successor by merger or assignment, as a nationally chartered institution (national Association)N.A., formerly known as any allegedly chartered Mortgage Company, Servicer, Any and all Banks, et al.; their Chairman & CEO- CFO – Officers, all other agents known, unrevealed and unknown including but not limited to all Notaries Public in the employ of the same as well as any and all accommodation parties /agents /representatives /nominees /assigns known and unknown; unrevealed third parties and the Recoupment of all Securities created thereby (the ORIGINAL GENUINE BONA FIDE NOTES) as well as any and all Comptrollers and Treasurers, or current CEOS, CFOS, CAOS, COOS, BOARD OF DIRECTORS, ET AL as well as all UNKNOWN WAREHOUSE LENDERS, WHOLESALE LENDERS AND RETAIL LENDERS, stockholders, investors, certificate holders, Certificate Holder Pass

## NOTICE OF RESCISSION OF MORTGAGE CONTRACT

## TRANSACTION OF ALLEGED LOAN # in MORRIS COUNTY Book 18895 page 067

Through Accounts for Asset Backed Securities and related proxies whose mailing location are: (insert here when available, as Discovery issues, as exhibit B)

B. The TITLE COMPANY; their CEO or Current CEO; CFO- or Current CFO; CURRENT COO; CURRENT CAO; all known and unknown; all Notaries Public as well as any and all accommodation parties/agents/ representatives/ nominees/assigns/Successors known and unknown; unrevealed third parties and the all Securities created thereby as well as any and all Comptrollers and Treasurers, or current CEOS, CFOS, COOS as well as all stockholders,, investors, certificate holders, Certificate Holder Pass Through Accounts for Asset Backed Securities and related proxies; and

**Further,** That I, Owen Thomas Lennon(sic) a free man on the land, do hereby revoke, remove, invalidate, abjure all signatures and powers of attorneys as it relates to all the above. Said Rescission and Revocation of Signatures and Powers of Attorney applies to all transaction and devices, Financial Instruments, Insurance Policies, Re-Insurance Policies, Underwriters, Underwriter Polices, Promissory Notes, Drafts, Mortgages, Pledges of any nature, Multiple Fixed Rate Agreements, Security Agreements, Addendums, Riders, Allonges, Endorsements, Foreclosure instruments, Escrow Accounts, Sheriff's Deeds, all Deeds including but not limited to: Warranty, Marketable Titles, and all Quit Claim deeds of any nature including but not limited to ANY FEDERAL RESERVE BANK, OR SERVICER, ET AL; successor or assigns, their Executive Officers, Agents, Board Of Directors, Certifying Officers, Assistant Secretaries, Assistant Vice-Presidents et al; all Certificate Holders of Asset Backed and/or Mortgage Backed Securities, Mortgage/Promissory Note Pooling Agreements related thereto or whatever nature as it directly relates to the Adjustable or fixed Rate Agreement dated the 17th day of May 2005, and all previous Banks, acting as lenders from the beginning.

That due to the Breach of Contract on the part of ANY FEDERAL RESERVE BANK, OR SERVICER, ET AL; Fraud in the Inducement; all of the signatory of Owen Thomas Lennon(sic) and related Powers of attorney are hereby revoked, abjured, nullified, declared null and void and of none effect; are to be stricken, remove, expunged for Breach of Contract-Promise to give a loan and then failing to actually grant a loan of any nature as Owen Thomas Lennon(sic) paid for the house in full when the Note was tendered and the Note was severed from the Mortgage was monetized via an allonge/endorsement of a ANY FEDERAL RESERVE BANK, OR SERVICER, ET AL; and/or Retail Lender, deposited in a Demand Deposit and Securitized with the entire transaction being totally funded by Owen Thomas Lennon(sic) via their Live Wet Ink Signature on the Note via the Lender (s) access a trust estate account belonging to Owen Thomas Lennon(sic). The funding of the "Note" was orchestrated by players unknown with the intent to procure unjust enrichment without the knowing, intentional and voluntary consent of Owen Thomas Lennon(sic) or upon the Executor Office by Fraud in the Inducement, Constructive Fraud, Fraud in the Factum, Constructive Fraud, Intrinsic Fraud, Extrinsic Fraud, Fraud by Non Disclosure, Forgery, Violation of the National Currency Act of 1864, violations of Title 18 USC

### NOTICE OF RESCISSION OF MORTGAGE CONTRACT

**TRANSACTION OF ALLEGED LOAN # in MORRIS COUNTY Book 18895 page 067**

§ 655 and 656, Forgery, as well as other felony related reasons. All related documents relating to a Mortgage between Owen Thomas Lennon(sic) and ANY FEDERAL RESERVE BANK, OR SERVICER, ET AL; and any other unknown revealed or unrevealed accommodation third parties, assigns, et al and/or any of the other above listed entities/individual in private or corporate capacity y filed at the Morris **County Clerk or County Register of Deeds.** The same is declared to null and void, of none since this 17th day of May 2005 ab initio nunc pro tunc to the 17th day of May 2005.

## CLAIM OF RESTORATION AND RECOUPMENT UCC 3-305 & 3-306

That as a matter of law and of right, I, Owen Thomas Lennon(sic) are entitled to have all monies paid as well as all monies obtain by various corporations including but not limited to securities, investments, escrow accounts riders et al in total recoupment plus treble damages for the injuries so wrongfully incurred by us and to return the same to me within twenty days of the receipt of the notice of rescission See UCC 3-305; UCC 3-306; This is my solemn notice of Waiver of Tort and Notice of intent to Sue, Notice of Liz Pendens; to all of the above named and mentioned parties in their individual and private capacities, if restoration is completed timely.

Failure to comply, will increase the amount of damages contractually from treble to an amount of 800 times the original note amount as punitive and compensatory damages, as previous judgment award in Haslip v Cleopatra.

**I reserve the right to alter or amend as required, by supplementing this document, whenever additional facts can be determined**, or any errors identified. No errors are intended, yet the use of legal language and writing techniques are skills for which I am untrained, yet this is based upon the truth to the best of my knowledge, documents available to me, and prior and ongoing research.

Executed at Arm's Length, updated on this 15 th day of January, 2007 AD

By: . . ._____Autograph

Owen Thomas Lennon (sic) by my sovereign prerogative; and Acting in the capacity as an Authorized Representative, et al; for the OWEN THOMAS LENNON of all unlawfully foreclosed residential properties since, this date 2005 nunc pro tunc, by acceptance of the deed, and Quit Claim deed to Carol Ann Cutter Lennon, as the ultimate beneficiary of the gift, with a paramount claim for peaceful possession and right of disposal. No legal error or omission shall defeat or overcome the basic fact that the banks and all related parties have knowingly or unknowingly engaged in deceptive practices, involving a scheme and artifice to defraud, and

## NOTICE OF RESCISSION OF MORTGAGE CONTRACT

**TRANSACTION OF ALLEGED LOAN # in MORRIS COUNTY Book 18895 page 067**

7-9

should not benefit from these schemes, and that a valid claim exists for recoupment at three times the note amount exists as a minimum as an admiralty claim, for recompense and punitive damages of all forensically determined values, or by the specific remedy designed by Congress.

## JURAT

As a Notary Public in Morris County, New Jersey republic; do hereby affirm that the above named individuals, Owen Thomas Lennon, presented sufficient proof of his identity and did attest that the contents of the attached instrument are true, correct, certain, complete and accurate and are not meant to be vexatious or misleading. That this is his true live bona fide signature/autograph attached hereto.

Updated this _____ 2nd _____ day of _____ July _____, 2015.

By: ... _Tamara R. Ahuatz_ **L S**
          Notary Signature

Notary Public, Morris County, New Jersey        My Commission Expires July 9, 2015

Notary Public
State of New Jersey
Tamara L. Ahuatzi
My Commission Expires July 9, 2015

**NOTICE OF RESCISSION OF MORTGAGE CONTRACT**

**TRANSACTION OF ALLEGED LOAN # in MORRIS COUNTY Book 18895 page 067**

8-9

8-9

**LEGAL NOTICE**

{Note: The Notary is not an attorney licensed to practice law in the State of New Jersey, and has not given legal advice or accepted fees for legal advice; provided no assistance in the preparation of the above referenced documents, and has no interest in any issue referenced therein. The Notary Public is not a party to this action and is ONLY acting in an authorized capacity as liaison to communications between the parties.}

[1] RESCISSION-BLACK LAW DICTIONARY 4TH EDITION AND 7TH EDITION-

[1] Rescission-Rescission, or the act of rescinding, is where a contract is cancelled, annulled, or abrogated by the parties, or one of them. Blacks' Law Dictionary 4th Edition, Page 1541  See also Rescission Blacks Law 6th edition

[i] RESCISSION-BLACK LAW DICTIONARY 4TH EDITION AND 7TH EDITION-

[ii] Rescission-Rescission, or the act of rescinding, is where a contract is cancelled, annulled, or abrogated by the parties, or one of them. Blacks' Law Dictionary 4th Edition, Page 1541  See also Rescission Blacks Law 6th edition

**NOTICE OF RESCISSION OF MORTGAGE CONTRACT**

**TRANSACTION OF ALLEGED LOAN #  in MORRIS COUNTY Book 18895 page 067**

9-9



**Certified Forensic Loan Auditors**

## AFFIDAVIT OF FACTS

STATE OF CALIFORNIA     )
                              ) sv.: AFFIDAVIT
COUNTY OF LOS ANGELES   )

**RE: Owen Thomas Lennon, Jr**

I, MICHAEL CARRIGAN, a citizen of the United States and the State of California over the age of 21 years, and declare as follows, under penalty of perjury that the facts stated herein are true, correct and complete. The undersigned believes them to be true and admissible as evidence in a court of law, and if called upon as a witness, will testify as stated herein:

1. That I am a subscriber of the Bloomberg Professional Service, certified and licensed to use such service. I have completed the required training and engaged in continuing education with Bloomberg – both online and at Bloomberg live training events, to stay abreast with Bloomberg's latest progress and developments. I have the requisite knowledge and the trained ability to navigate and perform effective searches on the Bloomberg terminal.

2. I am a Certified Mortgage Securitization Auditor and my qualifications, expertise and experience provide me with the background necessary to certify the audit services and to be qualified as an expert in this field. I have produced approximately three thousand Securitized Analysis Reports in residential and commercial real estate mortgage investigation in 47 states, the District of Columbia and Puerto Rico, have testified as an expert witness, and have trained auditors in California, Florida, Nevada, New York, New Jersey and Virginia and via the Internet in webinar format. I have a Bachelor's degree with a concentration in Accounting in Business Administration from California State University, Fullerton; a Master's in Business Administration from the UCLA Anderson School of Management; and have had formal training and career experience in accounting; financial reporting; internal control; SEC reporting; financial planning and analysis; financial forecasting; initial public and secondary offerings; corporate tax; corporate finance; investment management; equity, fixed income and derivative securities; credit analysis; asset valuation; ethics; investment advisory services including Series 7 and 66 licensing; real estate investment; real estate finance; real estate principles; redevelopment; government accounting; and procurement.

3. I have the trained skills and qualifications to navigate and perform searches on the Bloomberg terminal in regards to the automated tracking and determination of mortgage and loan related documents and information.

4. The contents of this report are factual, but it is provided for information purposes only and is not to be construed as "legal advice."[1]

[1]The client has been strongly advised to seek legal consultation from a competent legal professional in connection with the contents of this report and how to properly use it.

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2015*
*-All Rights Reserved-*



**Certified Forensic Loan Auditors**

5. On June 30, 2015, I researched the Bloomberg online Database at the request of OWEN THOMAS LENNON, JR whose property address is 2 West Emerald Isle Drive, Jefferson Township, NJ 07849.

6. Based on the information I was provided, OWEN THOMAS LENNON, JR signed a Promissory Note in favor of FIRST NATIONAL BANK OF ARIZONA on May 17, 2005.

7. Loan was identified in the GSAA HOME EQUITY TRUST 2005-12 with the Master Servicer being WELLS FARGO BANK, N.A.; the Sponsor / Seller being GS MORTGAGE SECURITIES CORP. and the Depositor being GS MORTGAGE SECURITIES CORP.

8. The basis of the identification of Loan in GSAA HOME EQUITY TRUST 2005-12 was made from the following factors/information that exactly correspond with OWEN THOMAS LENNON, JR'S loan documents provided: Loan Number: 3274027752; Original Amount: $460,000.00; Origination Date: May 17, 2005; Location of Property: New Jersey; Property Type: Single Family Residence; Occupancy: Owner Occupied; Zip Code: 07849; Type Loan: 30 Year Fixed Rate Mortgage of 8.6250%.

9. OWEN THOMAS LENNON, JR'S Note was split-apart or fractionalized, as separate accounting entries and deposited separately into Classes. Each Class is insured up to 30 times the face value of each Note therein, which is permissible under the Federal Reserve System.

10. Pursuant to my extensive research, I have found the Loan in twenty-one (21) Classes of the GSAA HOME EQUITY TRUST 2005-12. These classes represent the sections that the GSAA HOME EQUITY TRUST 2005-12 is divided into. Individuals invest in these Classes based on their desired maturities, yield, credit rating and other factors. The GSAA HOME EQUITY TRUST 2005-12 pays interest, usually monthly, to investors and principal payments are paid out in the order of the maturity and as specified in trust agreements.

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2015*
*-All Rights Reserved-*



**Certified Forensic Loan Auditors**

11. Below are the classes the GSAA HOME EQUITY TRUST 2005-12 has been divided into and their CUSIP number which is a nine (9) character alphanumeric code identifying any North American security for the purpose of facilitating clearing and settlement of trades.



12. There are a total of twenty-one (21) classes in the GSAA Home Equity Trust 2005-12.

13. The loan is in twenty-one (21) classes. Thirteen (13) classes out of the twenty-one (21) have been paid (Pd.). The loan is in the all collateral group.

By:

_____

Michael Carrigan
Certified Mortgage Securitization Auditor / Bloomberg Specialist

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2015*
*-All Rights Reserved-*



**Certified Forensic Loan Auditors**

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**          **CIVIL CODE § 1189**

---

A Notary public or other completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

**STATE OF CALIFORNIA** )
                        ) sv: **ACKNOWLEDGEMENT**
**COUNTY OF LOS ANGELES** )

On 3 July , 2015 before me, ___JAVIER MOTA___
                                           (Notary Public)

personally appeared **Michael Carrigan,** who proved to me on the basis of satisfactory evidence to be the man whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

**JAVIER MOTA**
Commission No.2093474
NOTARY PUBLIC-CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires DECEMBER 13, 2018

Signature _____ (Seal)

My commission Expires _12/13/18_

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2015*
*-All Rights Reserved-*



**Certified Forensic Loan Auditors**

# *CERTIFIED FORENSIC LOAN AUDITORS, LLC*

13101 West Washington Blvd., Suite 140, Los Angeles, CA 90066
Phone: 310-432-6304; Sales@CertifiedForensicLoanAuditors.com
www.CertifiedForensicLoanAuditors.com

# *PROPERTY*
# *SECURITIZATION ANALYSIS REPORT™*

*Prepared for:*

## *OWEN THOMAS LENNON, JR*

*For Property Address*

*2 West Emerald Isle Drive,*
*Jefferson Township, NJ 07849*

*Prepared on:*

*June 30, 2015*

Disclosure: You have engaged Certified Forensic Loan Auditors, LLC to examine your real estate documents. This information is not to be construed as legal advice or the practice of law, pursuant to *Business and Professions Code § 6125 et seq*, it is the intent of CFLA, its members, auditors and independent contractors, not to engage in activities that could be considered the practice of law by conduct exhibiting any of the following practices: "...*the doing and/or performing of services in a court of justice in any matter depending therein throughout the various stages and in conformity with the adopted rules of procedure. It includes legal advice and counsel and the preparation of legal instruments and contracts by which the legal rights are secured although such matter may or may not be depending in a court.*"

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2015*
*-All Rights Reserved-*



**Certified Forensic Loan Auditors**

# SECTION 1: TRANSACTION DETAILS

## BORROWER & CO-BORROWER:

| BORROWER | CO-BORROWER |
|---|---|
| OWEN THOMAS LENNON, JR | NONE |
| CURRENT ADDRESS | SUBJECT ADDRESS |
| 2 W EMERALD ISLE DR, LAKE HOPATCONG, NJ 07849 | 2 WEST EMERALD ISLE DRIVE, JEFFERSON TOWNSHIP, NJ 07849 |

## TRANSACTION PARTICIPANTS

| AMOUNT | MORTGAGE SERVICER | MORTGAGE NOMINEE/BENEFICIARY |
|---|---|---|
| $460,000.00 | M & T BANK | Mortgage Electronic Registration Systems, Inc. ("MERS") PO Box 2026 Flint, MI 48501-2026 (888)679-MERS |
| **ORIGINAL MORTGAGE LENDER** | **LOAN TYPE** | **TITLE COMPANY** |
| FIRST NATIONAL BANK OF ARIZONA 1760 OLD MEADOW ROAD, 3RD FLR, MCLEAN, VA 22102 | CONVENTIONAL 30 YEAR FIXED RATE MORTGAGE | SECURE TITLE INC. |

CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2015
-All Rights Reserved-



**Certified Forensic Loan Auditors**

# SECTION 2:   SECURITIZATION
## SECURITIZATION PARTICIPANTS:

| ORIGINATOR/LENDER | SPONSOR/SELLER | DEPOSITOR |
|---|---|---|
| FIRST NATIONAL BANK OF ARIZONA | GS MORTGAGE SECURITIES CORP. | GS MORTGAGE SECURITIES CORP. |
| **ISSUING ENTITY** | **TRUSTEE** | **MASTER SERVICER/ SERVICER** |
| GSAA HOME EQUITY TRUST 2005-12 | HSBC BANK USA, NATIONAL ASSOCIATION | WELLS FARGO BANK, N.A. |
| **CUSTODIAN** | **CUT – OFF DATE** | **CLOSING DATE** |
| DEUTSCHE BANK N.A. | OCTOBER 1, 2005 | ON OR ABOUT OCTOBER 28, 2005 |

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2015*
*-All Rights Reserved-*



**Certified Forensic Loan Auditors**

## PROSPECTUS SUPPLEMENT TO PROSPECTUS DATED AUGUST 29, 2005

$562,472,200
(Approximate)(1)
Asset-Backed Certificates, Series 2005-12
GSAA HOME EQUITY TRUST 2005-12
Issuer

GS MORTGAGE SECURITIES CORP.
Depositor

WELLS FARGO BANK, N.A.
Master Servicer

WELLS FARGO BANK, N.A.
M&T MORTGAGE CORPORATION
COUNTRYWIDE HOME LOANS SERVICING LP
Servicers

The certificates will represent fractional undivided interests in the assets of the trust, which consist primarily of the mortgage loans.

CLOSING DATE    On or about October 28, 2005.

CUT-OFF DATE    October 1, 2005.

DISTRIBUTIONS

Distributions on the certificates will be made on the 25th day of each month, or, if the 25th day is not a business day, on the next business day, beginning in November 2005, to the holders of record on the preceding record date.

CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2015
-All Rights Reserved-



**Certified Forensic Loan Auditors**

## TRANSACTION OVERVIEW

PARTIES

THE DEPOSITOR- GS Mortgage Securities Corp., a Delaware corporation. The principal executive office of the depositor is located at 85 Broad Street, New York, New York 10004, and its telephone number is (212) 902-1000.

THE RESPONSIBLE PARTIES- Wells Fargo Bank, N.A., a national banking association ("WELLS FARGO"), First National Bank of Nevada, a national banking association ("FNBN"), and Goldman Sachs Mortgage Company ("GSMC"). The principal executive office of Wells Fargo is located at 1 Home Campus, Des Moines, Iowa 50328-0001, and its telephone number is (515) 213-7071. The principal executive office of FNBN is located at 17600 North Perimeter Drive, Scottsdale, Arizona 85255, and its telephone number is (480) 458-2000. Pursuant to the Goldman Sachs Mortgage Conduit Program, GSMC generally purchases mortgage loans originated by various mortgage loan sellers if the mortgage loans satisfy certain underwriting guidelines. See "The Mortgage Loan Pool--Wells Fargo Underwriting Guidelines", FNBN Underwriting Guidelines" and "--Goldman Sachs Mortgage Conduit Program" in this prospectus supplement

MASTER SERVICER AND SECURITIES ADMINISTRATOR- Wells Fargo, a national banking association. The executive office of Wells Fargo is located at Sixth Street and Marquette Avenue, Minneapolis, Minnesota 55479, and its telephone number is (612) 667-1117. The master servicing offices of Wells Fargo are located at 9062 Old Annapolis Road, Columbia, Maryland 21045, and its telephone number is (410) 884-2000.

THE SERVICERS- Wells Fargo, M&T Mortgage Corporation, a New York state chartered corporation ("M&T MORTGAGE"), and Countrywide Home Loans Servicing LP, a Texas limited partnership ("COUNTRYWIDE SERVICING"). The principal servicing office of Wells Fargo is located at 1 Home Campus, Des Moines, Iowa 50328-0001, and its telephone number is (515) 213-7071. The principal executive office of M&T Mortgage is located at One Fountain Plaza, Buffalo, New York 14203, and its telephone number is (800) 724-2224. The principal executive office of Countrywide Servicing is located at 7105 Corporate Drive, Plano, Texas 75024, and its telephone number is (972) 526-6285. For a description of the servicers, see "The Servicers" in this prospectus supplement.

THE TRUSTEE -HSBC Bank USA, National Association, a national banking association The principal executive office of the trustee is located at 452 Fifth Avenue, New York, New York

Page | 5



**Certified Forensic Loan Auditors**

10018, Attention: Corporate Trust & Loan Agency and its telephone number is (212) 525-1501. For a description of the trustee, see "The Trustee" in this prospectus supplement.

THE CUSTODIANS- Wells Fargo with respect to the Wells Fargo Mortgage Loans, Deutsche Bank National Trust Company, a national banking association ("DEUTSCHE BANK"), with respect to the FNBN Mortgage Loans, and J.P. Morgan Trust Company, National Association, a national banking corporation, or an affiliate of it ("JPMORGAN"), with respect to the Goldman Sachs Mortgage Conduit Program mortgage loans. The principal executive office of Wells Fargo is located at 1015 10th Avenue Southeast, Minneapolis, Minnesota 55414, and its telephone number is (612) 667-3433. The corporate trust office of Deutsche Bank is located at 1761 East St. Andrew Place, Santa Ana, California 92705-4934, and its telephone number is (714) 247-6000. The principal executive office of JPMorgan is located at 2220 Chemsearch Blvd., Suite 150, Irving, Texas 75062, and its telephone number is (972) 785-5205.

THE CLASS AF-3W CERTIFICATE INSURER- Financial Security Assurance Inc., a New York corporation. The principal executive office of the Class AF-3W certificate insurer is located at 31 West 52nd Street, New York, New York 10019, and its telephone number is (212) 826-0100. The Class AF-3W certificate insurer will issue a financial guaranty insurance policy for the benefit of the holders of the Class AF-3W certificates. See "The Class AF-3W Certificate Insurer" and "The Class AF-3W Certificate Insurance Policy" in this prospectus supplement.

THE RATING AGENCIES- Standard & Poor's Ratings Services, a division of The McGraw Hill Companies, Inc., and Moody's Investors Service, Inc. will issue ratings with respect to the offered certificates.

THE TRANSACTION

GSAA Home Equity Trust 2005-12 will be formed and the certificates will be issued pursuant to the terms of a master servicing and trust agreement, dated as of October 1, 2005, by and among the depositor, the master servicer, the securities administrator, the custodians and the trustee.

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2015*
*-All Rights Reserved-*



**Certified Forensic Loan Auditors**

## THE MORTGAGE LOAN POOL

The statistical information presented in this prospectus supplement concerning the mortgage loans is based on the scheduled principal balances of the mortgage loans as of the cut-off date, which is October 1, 2005, unless otherwise specified in this prospectus supplement. The mortgage loan principal balances that are transferred to the trust will be the scheduled principal balances as of the cut-off date. With respect to the mortgage loan pool, some scheduled principal amortization will occur, and some unscheduled principal amortization may occur from the cut-off date to the closing date. Moreover, certain mortgage loans included in the mortgage loan pool as of the cut-off date may not be included in the final mortgage loan pool because they may prepay in full prior to the closing date, or they may be determined not to meet the eligibility requirements for the final mortgage loan pool. In addition, certain other mortgage loans may be included in the final mortgage loan pool. As a result of the foregoing, the statistical distribution of characteristics as of the closing date for the final mortgage loan pool may vary somewhat from the statistical distribution of such characteristics as of the cut-off date as presented in this prospectus supplement, although such variance should not be material. In addition, the final mortgage loan pool may vary plus or minus 5% from the statistical calculation pool of mortgage loans described in this prospectus supplement.

## ASSIGNMENT OF THE MORTGAGE LOANS

Pursuant to certain agreements described below, each of Wells Fargo and FNBN sold their respective mortgage loans, without recourse, to GSMC. In addition, GSMC acquired certain of the mortgage loans from various other mortgage loan sellers through the Goldman Sachs Mortgage Conduit Program. GSMC will sell, transfer, assign, set over and otherwise convey the mortgage loans, including all principal outstanding as of, and interest due and accruing on or after, the close of business on the cut-off date, without recourse, to the depositor on the closing date. Pursuant to the master servicing and trust agreement, the depositor will sell, without recourse, to the trust, all right, title and interest in and to each mortgage loan, including all principal outstanding as of, and interest due on or after, the close of business on the cut-off date. Each such transfer will convey all right, title and interest in and to (a) principal outstanding as of the close of business on the cut-off date (after giving effect to payments of principal due on that date, whether or not received) and (b) interest due and accrued on each such mortgage loan after the cut-off date. However, GSMC will not convey to the depositor, and will retain all of its right, title and interest in and to (x) principal due on each mortgage loan on or prior to the cut-off date and principal prepayments in full and curtailments (i.e., partial prepayments), received on each such mortgage loan on or prior to the cut-off date and (y) interest due and accrued on each mortgage loan on or prior to the cut-off date. GSMC will also convey to the depositor:

Page | 7

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2015*
*-All Rights Reserved-*



**Certified Forensic Loan Auditors**

o certain rights of GSMC with respect to the Wells Fargo Mortgage Loans under a master seller's warranties and servicing agreement, as amended, between Wells Fargo and GSMC, pursuant to an assignment, assumption and recognition agreement; and

o certain rights of GSMC with respect to the FNBN Mortgage Loans under a master mortgage loan purchase and interim servicing agreement between FNBN and GSMC, pursuant to an assignment, assumption and recognition agreement.

## DELIVERY OF MORTGAGE LOAN DOCUMENTS

In connection with the sale, transfer, assignment or pledge of the mortgage loans to the trust, the depositor will cause to be delivered to the custodians, on or before the closing date, certain documents listed below with respect to each mortgage loan. Such documents will constitute the mortgage file with respect to each mortgage loan and will include, but are not limited to:

(a) the original mortgage note, endorsed without recourse in blank by the last endorsee, including all intervening endorsements showing a complete chain of endorsement from the originator to the last endorsee;

(b) except with respect to any Conduit Mortgage Loan, the original of any guaranty executed in connection with the mortgage note (if any);

(c) the related original mortgage and evidence of its recording or, in certain limited circumstances, a certified copy of the mortgage;

(d) except with respect to each MERS Designated Mortgage Loan, the intervening mortgage assignment(s), or copies of them certified by the applicable originator, escrow company, title company, or closing attorney, if any, showing a complete chain of assignment from the originator of the related mortgage loan to the last endorsee;

(e) except with respect to each MERS Designated Mortgage Loan, a mortgage assignment in recordable form, which, if acceptable for recording in the relevant jurisdiction, may be included in a blanket assignment or assignments, of each mortgage from the last endorsee in blank; and

(f) originals or certified copies of all assumption, modification, consolidation and extension agreements, if provided, in those instances where the terms or provisions of a mortgage or mortgage note have been modified or such mortgage or mortgage note has been assumed.

Page | 8

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2015*
*-All Rights Reserved-*



**Certified Forensic Loan Auditors**

Pursuant to the master servicing and trust agreement, each custodian will agree to execute and deliver on or prior to the closing date an acknowledgment of receipt of the original mortgage note (item (a) above) with respect to each of the applicable mortgage loans, with any exceptions noted. Each custodian will agree, for the benefit of the holders of the certificates, to review, or cause to be reviewed, each applicable mortgage file within ninety days after the closing date and to deliver a certification generally to the effect that, as to each mortgage loan listed in the applicable schedule of mortgage loans,

o all documents required to be reviewed by it pursuant to the master servicing and trust agreement are in its possession;

o each such document has been reviewed by it and appears regular on its face and relates to such mortgage loan;

o based on its examination and only as to the foregoing documents, certain information set forth on the schedule of mortgage loans accurately reflects the information set forth in the mortgage file delivered on such date; and

o each mortgage note has been endorsed as provided in the master servicing and trust agreement.

If a custodian, during the process of reviewing the mortgage files, finds any document constituting a part of a mortgage file which is not executed, has not been received or is unrelated to the mortgage loans, or that any mortgage loan does not conform to the requirements above or to the description of the requirements as set forth in the applicable schedule of mortgage loans, such custodian is required to promptly notify the applicable servicer, the Class AF-3W certificate insurer and the depositor in writing. The depositor will be required to use reasonable efforts to cause to be remedied a material defect in a document constituting part of a mortgage file of which it is so notified by the applicable custodian. If, however, within the time period specified in the related agreement between GSMC and the applicable responsible party after the earlier of either discovery by or notice to the depositor of such defect, the applicable responsible party has not caused the defect to be remedied, the applicable responsible party will be required to repurchase such mortgage loan at a price equal to (i) with respect to any Wells Fargo Mortgage Loan or Conduit Mortgage Loan, the unpaid principal balance of the mortgage loans, plus all related accrued and unpaid interest through the last day of the month in which the repurchase occurs, less amounts received or advanced in respect of the repurchased mortgage loan being held in the collection account for distribution in the month of repurchase, plus any unreimbursed servicing advances and plus any costs or damages incurred by the trust in connection with any violation of any predatory or abusive lending law or (ii) with respect to any FNBN Mortgage Loan, the purchase price percentage at

Page | 9



**Certified Forensic Loan Auditors**

which FNBN sold the mortgage loan to GSMC multiplied by the outstanding principal balance of the mortgage loan as of the date of repurchase, plus (x) up to ninety days of accrued and unpaid interest at the applicable mortgage rate, minus (y) any amounts received in respect of such repurchased mortgage loan and being held in the distribution account for future distribution in connection with that mortgage loan, and plus (z) any costs and damages incurred by the trust in connection with any violation by the related mortgage loan of any predatory or abusive lending law up to the time of such repurchase actually incurred and paid out of or on behalf of the trust, and that directly resulted from such violation. See "--Representations and Warranties Relating to the Mortgage Loans" below as to GSMC's obligation with respect to FNBN's repurchase obligations. In lieu of this repurchase obligation, if GSMC is the responsible party for such a defective mortgage loan, it will have the right to substitute a qualified mortgage loan for the defective mortgage loan in certain circumstances. The obligations of the responsible party to cure such breach or repurchase, or in the case of GSMC, substitute for, any mortgage loan for such breach constitute the sole remedies against such responsible parties respecting a material breach of any such representation or warranty available to the holders of the certificates, the depositor, the servicers, the master servicer, the securities administrator, the Class AF-3W certificate insurer and the trustee.

http://www.sec.gov/Archives/edgar/data/807641/000112528205005550/b409378_424b5.txt

EMPHASIS ADDED BY EXAMINER: Depositor GS MORTGAGE SECURITIES CORP. is the only authorized party to assign its interest in loans to the trustee on behalf of certificate holders. The intent of the recording of documents publically is to let all interested parties understand the rights and obligations of real property owners and lenders. The use of a privately-owned alternate system conceals such information; and a lack of internal control may allow unauthorized parties to act as a sponsor, bankruptcy-remote depositor trustee.

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2015*
*-All Rights Reserved-*



**Certified Forensic Loan Auditors**

## GSAA HOME EQUITY TRUST 2005-12
## ASSET-BACKED CERTIFICATES
## SERIES 2005-12

MASTER SERVICING
and
TRUST AGREEMENT
among

GS MORTGAGE SECURITIES CORP.,
Depositor,

HSBC BANK USA, NATIONAL ASSOCIATION,
Trustee

WELLS FARGO BANK, N.A.
and
DEUTSCHE BANK NATIONAL TRUST COMPANY
and
J.P. MORGAN TRUST COMPANY, NATIONAL ASSOCIATION,
Custodians
and
WELLS FARGO BANK, N.A.,
Master Servicer and Securities Administrator
Dated October 1, 2005

### ARTICLE II

### CONVEYANCE OF MORTGAGE LOANS;
### REPRESENTATIONS AND WARRANTIES

Section 2.01 Conveyance of Mortgage Loans; (a) The Depositor, concurrently with the execution and delivery hereof, hereby sells, transfers, assigns, sets over and otherwise conveys to the Trustee for the benefit of the Certificate holders and the Class AF-3W Certificate Insurer, without recourse, all the right, title and interest of the Depositor in and to the Trust Fund.

Page | 11

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2015*
*-All Rights Reserved-*



**Certified Forensic Loan Auditors**

(b) In connection with the transfer and assignment of each Mortgage Loan, the Depositor has delivered or caused to be delivered to each Custodian on behalf of the Trustee for the benefit of the Certificate holders and the Class AF-3W Certificate Insurer the following documents or instruments with respect to each applicable Mortgage Loan so assigned:

(i) the original Mortgage Note, endorsed without recourse in blank by the last endorsee, including all intervening endorsements showing a complete chain of endorsement from the originator to the last endorsee;

(ii) The original Assignment of Mortgage in blank, unless the Mortgage Loan is a MERS Mortgage Loan;

(iii) personal endorsement and/or guaranty agreements executed in connection with all non-individual Mortgage Loans (corporations, partnerships, trusts, estates, etc. (if any);

(iv) the related original Mortgage and evidence of its recording or, in certain limited circumstances, a certified copy of the mortgage with evidence of recording;

(v) except with respect to a MERS Loan, originals of any intervening Mortgage assignment or certified copies in either case evidencing recording; provided, that the assignment may be in the form of a blanket assignment or assignments, a copy of which with evidence of recording shall be acceptable;

(vi) originals of all assumption, modification, agreements or certified copies thereof, in either case with evidence of recording if required to maintain the lien of the mortgage or if otherwise required, or, if recordation is not required, an original or copy of the agreement;

(vii) an original or copy of a title insurance policy or evidence of title;

(viii) to the extent applicable, an original power of attorney; and

(ix) a security agreement, chattel mortgage or equivalent document executed in connection with the Mortgage, if any.

The Depositor shall deliver to each Custodian the applicable recorded document promptly upon receipt from the respective recording office but in no event later than 120 days from the Closing Date.

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2015*
*-All Rights Reserved-*



**Certified Forensic Loan Auditors**

From time to time, pursuant to the applicable Sale Agreement, the Responsible Party may forward to the applicable Custodian additional original documents, additional documents evidencing an assumption, modification, consolidation or extension of a Mortgage Loan, in accordance with the terms of the applicable Sale Agreement. All such mortgage documents held by the Custodians as to each Mortgage Loan shall constitute the "Custodial File."

On or prior to the Closing Date, the Depositor shall deliver to the Custodians Assignments of Mortgages (except in the case of MERS Loans), in blank, for each applicable Mortgage Loan. On the Closing Date, the Trustee shall provide a written request to each Responsible Party to submit the Assignments of Mortgage for recordation, at the Responsible Party's expense, pursuant to the applicable Sale Agreement. Each Custodian shall deliver the Assignment of Mortgages to be submitted for recordation to the applicable Responsible Party.

In the event that such original or copy of any document submitted for recordation to the appropriate public recording office is not so delivered to the Custodian within the time period and in the manner specified in the applicable Sale Agreement, the Trustee shall take or cause to be taken such remedial actions under the Sale Agreement against the applicable Responsible Party as may be permitted to be taken thereunder, including without limitation, if applicable, the repurchase by the applicable Responsible Party of such Mortgage Loan. The foregoing repurchase remedy shall not apply in the event that the Responsible Party cannot deliver such original or copy of any document submitted for recordation to the appropriate public recording office within the specified period due to a delay caused by the recording office in the applicable jurisdiction; provided, that the applicable Responsible Party shall instead deliver a recording receipt of such recording office or, if such recording receipt is not available, an officer's certificate of an officer of the applicable Responsible Party, confirming that such document has been accepted for recording.

Notwithstanding anything to the contrary contained in this Section 2.01, in those instances where the public recording office retains or loses the original Mortgage or assignment after it has been recorded, the obligations of the Responsible Party shall be deemed to have been satisfied upon delivery by the Responsible Party to the applicable Custodian prior to the Closing Date of a copy of such Mortgage or assignment, as the case may be, certified (such certification to be an original thereof) by the public recording office to be a true and complete copy of the recorded original thereof.

(c) The Depositor does hereby establish, pursuant to the further provisions of this Agreement and the laws of the State of New York, an express trust (the "Trust") to be known, for convenience, as "GSAA Home Equity Trust 2005-12" and HSBC Bank USA, National Association is hereby appointed as Trustee in accordance with the provisions of this Agreement.

Page | 13

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2015*
*-All Rights Reserved-*

**Certified Forensic Loan Auditors**

(d) It is the policy and intention of the Trust that none of the Mortgage Loans included in the Trust is (a) covered by the Home Ownership and Equity Protection Act of 1994, or (b) considered a "high cost home," "threshold," "predatory" or "covered" loan (excluding "covered home loans" as defined under clause (1) of the definition of "covered home loans" in the New Jersey Home Ownership Security Act of 2002) under applicable state, federal or local laws.

http://www.sec.gov/Archives/edgar/data/1342686/000091412105002151/gs868591-ex4.txt

## Governing Law

Section 12.03 Governing Law. THIS AGREEMENT SHALL BE CONSTRUED IN ACCORDANCE WITH AND GOVERNED BY THE SUBSTANTIVE LAWS OF THE STATE OF NEW YORK APPLICABLE TO AGREEMENTS MADE AND TO BE PERFORMED IN THE STATE OF NEW YORK AND THE OBLIGATIONS, RIGHTS AND REMEDIES OF THE PARTIES HERETO AND THE CERTIFICATEHOLDERS SHALL BE DETERMINED IN ACCORDANCE WITH SUCH LAWS.

http://www.sec.gov/Archives/edgar/data/1342686/000091412105002151/gs868591-ex4.txt

### New York State Trust Law Statutes state:

Unless an asset is transferred into a lifetime trust, the asset does not become trust property. (NY Estates, Powers and Trust Law § 7-1.18).

A trustee's act that is contrary to the trust agreement is void. (NY Estates, Powers and Trust Law § 7-2.4)

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2015*
*-All Rights Reserved-*



**Certified Forensic Loan Auditors**

# SECTION 3:    FORECLOSURE

### Recorded Events on the Loan Including Foreclosure Issues and Securitization

| Recorded Chain of Mortgage Possession | | Chain of Note Possession | |
|---|---|---|---|
| **Date** | **Original Mortgage** | **Date** | **Note Holder** |
| May 26, 2005 Instrument # MB18895P067 Official Records, Morris County New Jersey | OWEN THOMAS LENNON, JR (Borrower) FIRST NATIONAL BANK OF ARIZONA (Lender) MIN # 1001355-4000032736-2 | May 17, 2005 | FIRST NATIONAL BANK OF ARIZONA ( Lender) Principal Amount: $460,000.00 LOAN # 3274027752 |
| October 10, 2012 Instrument # 2012.79047 Official Records, Morris County New Jersey | **RESCISSION OF LIS PENDENS/NOTICE OF DEFAULT/NOTICE OF SALE TRUSTEE: M & T BANK** | October 1, 2005 | GSAA HOME EQUITY TRUST 2005-12 Lender Principal Amount: $460,000.00 |
| December 09, 2014 Instrument # 2014.66045 Official Records, Morris County New Jersey | **LIS PENDENS** | | |
| Official Records, Morris County New Jersey | **VOLUNTARY LIEN SEARCH SHOWS NO ASSIGNMENT OF MORTGAGE RECORDED** | | |

*Note: The above analysis covers primary active loan. Annotated voluntary lien search located in Exhibit I.*

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2015*
*-All Rights Reserved-*



**Certified Forensic Loan Auditors**

# REPORT SUMMARY

**Mortgage:**
- On May 17, 2005, Debtor Owen Thomas Lennon, Jr executed a negotiable promissory note and a security interest in the form of a Mortgage in the amount of $460,000.00. This document was filed as document number MB18895P067 in the Official Records of Morris County. *The original lender of the promissory note and beneficiary of the Mortgage is First National Bank of Arizona Mortgage Electronic Registration Systems, Inc. (hereafter "MERS") is not named as the payee of the note, but is named as acting solely as a "nominee" for the lender as the beneficiary of the security interest Security Mortgage.*

**Securitization (The Note):**
- The NOTE was sold, transferred, assigned and securitized into the **GSAA HOME EQUITY TRUST 2005-12** with a Closing Date of On or about October 28, 2005.

**Rescission of Lis Pendens/Notice of Default/Notice of Sale:**
- On October 10, 2012, a Rescission of Lis Pendens/Notice of Default/Notice of Sale was recorded in the Official Records, Morris County as instrument number 2012.79047.

**Lis Pendens:**
- On December 09, 2014, a Notice of Lis Pendens was recorded in the Official Records, Morris County as instrument number 2014.66045.

**NO RECORDED ASSIGNMENT OF MORTGAGE IN THE OFFICIAL RECORDS, MORRIS COUNTY, NEW JERSEY. (NO RECORD ON VOLUNTARY LIEN SEARCH).**

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2015*
*-All Rights Reserved-*





**Certified Forensic Loan Auditors**

Existing law authorizes the recording of an instrument affecting the title to or possession of real property, as well as the recording of an assignment of a Mortgage. Under existing law, the recordation of an interest in real property provides notice of that interest to subsequent purchasers and mortgagees. Existing law provides that an unrecorded conveyance of real property is void against a duly recorded interest by a subsequent purchaser or mortgagee, if he or she acted in good faith and paid valuable consideration.

All proper parties need to be named and included in instruments of conveyance. A break in the chain of title occurs when all proper parties have not been included on the conveying instrument. Thus, there is a problem if title was vested in both A and B, but only B conveyed out. An assignment, grant or conveyance shall be void as against any subsequent purchaser or mortgagee for a valid consideration, without notice, unless it is recorded in the County Recorder's Office within reasonable period following its date or prior to the date of such subsequent purchase or mortgage. In short, if an assignment is not recorded with a reasonable period after signing, the assignee stands at risk of having its rights subordinated to a subsequent bona fide purchaser or lender acting without notice of the assignment.

A break in the chain of title constitutes a title defect and renders the title to real property unmarketable. In an incomplete chain of title, there is a document or more missing from the chain, without which the whole chain breaks down. A claim of title based on a title document alleged to have been lost or destroyed can only be established by clear, unequivocal and convincing evidence. This heightened burden of proof has been imposed by the courts in order to avoid fraud.

A requisite chain of assignments must be recorded or filed in the foreclosure action to prove M & T Bank is the real party in interest to enforce the mortgage note. M & T Bank may be unable to show a chain of assignments from the Originator to the Sponsor who organized the securitization of the mortgage, to the Depositor and finally to the Trustee. Each of these parties must be included within the chain of assignments and endorsements, or in the case of a blank endorsement, there must be both a delivery and an acceptance receipt to document the transfer and delivery of the bearer note from the Originator to the Sponsor, from the Sponsor to the Depositor, and from the Depositor to the Trust.

Each transfer must be a true sale for purposes of creating a bankruptcy remote structure which was the very purpose of the securitization process. Each transfer must follow the specific steps designated in the structure as set forth in Section 2.01 entitled Conveyance of Mortgage Loans of the Trust Agreement which is the document that set up the Trust ("TA"). Additionally, all steps in the transfer process must be true and complete sales between the parties in order to qualify the Trust for what is called REMIC qualification under the Internal Revenue Code for Real Estate Mortgage Conduit securitization trusts, or REMIC trusts.

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2015*
*-All Rights Reserved-*



**Certified Forensic Loan Auditors**

American Banker states that foreclosure ownership support documents (the primary example in New York being Assignments of Mortgage) should be prepared at time of transfer instead of by bank employees claiming to represent lenders that no longer exist:



Today's Paper | Magazine | iPad | Video                                    Women in Banking | FinTech 100

| MERGERS & ACQUISITIONS ▼ | REGULATION & REFORM ▼ | COMMUNITY BANKING ▼ | CONSUMER FINANCE ▼ | BANK TECHNOLOGY ▼ | BANKTHINK | SPECIA REPOR ▼ |

ⅎⅎ ⅉⅉⅈⅉⅉⅈⅉⅉⅉ

by Kate Berry
AUG 31, 2011 5 47pm ET

🖶 Print    ✉ Email    ◻ Reprints

(15) Comments

💬 Tweet  66    in Share  21    👍 Like  76    ♡ +1

Some of the largest mortgage servicers are still fabricating documents that should have been signed years ago and submitting them as evidence to foreclose on homeowners

The practice continues nearly a year after the companies were caught cutting corners in the robo-signing scandal and about six months after the industry began negotiating a settlement with state attorneys general investigating loan-servicing abuses.

Several dozen documents reviewed by *American Banker* show that as recently as August some of the largest U.S. banks, including Bank of America Corp., Wells Fargo & Co., Ally Financial Inc, and OneWest Financial Inc, were essentially backdating paperwork necessary to support their right to foreclose.

Some of documents reviewed by *American Banker* included signatures by current bank employees claiming to represent lenders that no longer exist.

**RELATED LINKS**

U.S. Bank Stands Out as a Mortgage Bond Trustee with Teeth

Robo-Signing Settlement Needs to Go All the Way

Are the State AG Mortgage Settlement Talks Falling Apart?

N.Y. AG Moves to Intervene in B of A-Bondholder Settlement

**RELATED GRAPHIC**

🔍 Enlarge This image



http://www.americanbanker.com/issues/176_170/robo-signing-foreclosure-mortgage-assignments-1041741-1.html

Page | 18

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2015*
*-All Rights Reserved-*



**Certified Forensic Loan Auditors**

## LOAN SEARCH

The loan was found in the GSAA HOME EQUITY TRUST 2005-12 as investor loan number 3274027752, which agrees with the characteristics of the loan. The loan is shown with a current rate of 8.6250% and a principal and interest payment of $3,306.25 per month. This was a subprime trust in the FICO 650-700 range.



## DESCRIPTION OF SECURITY FROM BLOOMBERG
### Noted trust initially rated AAA that has been substantially downgraded



*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2015*
*-All Rights Reserved-*



**Certified Forensic Loan Auditors**

## DEAL DESCRIPTION (SUBSTANTIAL PAYDOWN SINCE ORIGINAL ISSUE)



*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2015*
*-All Rights Reserved-*



**Certified Forensic Loan Auditors**

## SECURITY OVERVIEW



*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2015*
*-All Rights Reserved-*



**Certified Forensic Loan Auditors**

## STRUCTURED FINANCE NOTES SCREEN
### Lists of the primary parties

◄ ► GSAA 2005-12 M1 Mtge ▾ SENS ▾ Related Functions Menu ▾    Message ☆ ▶ ▤ ✿ ?

for explanation,       for similar functions.

95) Documents ·                                    Structured Finance Notes

Underwriter
                    Goldman Sachs & Co

Original Servicers                 Trustee
        Wells Fargo Bank
        Countrywide Home Loans Servicin    Paying Agent
        M&T Mortgage Corp

Originator/Seller          Deal%      Asset Manager

                                     Swap Counterparty

Insurer                    Deal%

CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2015
-All Rights Reserved-



**Certified Forensic Loan Auditors**

## RATINGS HISTORY
**Trust downgraded to default 'D' and 'C' speculative status following investment grade AA ratings at issuance**

| ◄ ► | GSAA 2005-12 M1 Mtge ▾ | RCHG ▾ | Related Functions Menu ▾ | | | Message ☆ ⚑ 🗎 ⚙ ? |
|---|---|---|---|---|---|---|

for explanation,        for similar functions.

| | 1) Setup Alert | | Ratings History |
|---|---|---|---|

362341SV2                                      5.44765%
MEZ STEP AFC                          9/25/2035
                                      10/28/2005

Agencies

| Agency | Rating Type | Rating | |
|---|---|---|---|
| Sta | | | |
| Sta | | | |
| 'oc | | | |
| 'oc | | | |
| Sta | | | |
| Sta | | | |
| lor | | | |
| Sta | | | |
| 'oc | | | |

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2015*
*-All Rights Reserved-*



**Certified Forensic Loan Auditors**

## STRUCTURAL SUMMARY SECTION PERTAINING TO TRUST INCLUDING CREDIT ENHANCEMENTS

**May further offset risks of owners or provide reimbursements to certain certificate holders. Credit trigger test has failed and reserves have been depleted in this investment class within trust.**



*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2015*
*-All Rights Reserved-*



**Certified Forensic Loan Auditors**

## LOAN LEVEL DETAIL

Loan uses the 6 month LIBOR index, a fixed rate of 8.6250%. The original loan to value ratio was 80%, which is consistent with ownership Mortgage with a property value of $575,000. Property located in the state of New Jersey zip code 07849.

### This is a single family (SF) property



*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2015*
*-All Rights Reserved-*



**Certified Forensic Loan Auditors**

## LOAN LEVEL DETAIL (cont.)

No loan modification granted for subject loan unlike some in the trust that included principal forgiveness or forbearance. Loan is on a 360 month amortization schedule with a balloon rider.



*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2015*
*-All Rights Reserved-*



**Certified Forensic Loan Auditors**

Cumulative forgiveness in trust was $1.933 million that was much more than offset by cumulative capitalization (adding of back interest and fees to principal thus accruing interest on interest) of $3.5 million. No forgiveness extended in case of subject loan. Property located in the state of New Jersey zip code 07849.



*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2015*
*-All Rights Reserved-*



**Certified Forensic Loan Auditors**

## VIEW ALL LOAN CLASSES SCREEN

The loan was found in 21 classes as the loan is located in the all collateral group. Eight classes are UNPAID and the remaining thirteen classes are completely paid. CUSIP numbers of each investment class are shown below.



CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2015
-All Rights Reserved-



**Certified Forensic Loan Auditors**

## LOAN COLLATERAL PERFORMANCE

A handful of loan modifications on average each month in spite of a 18-20% 90 day+ default rate in this trust targeting New Jersey homeowners



CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2015
-All Rights Reserved-



**Certified Forensic Loan Auditors**

## BOND/DEAL PAY HISTORY

**8.97%, or $51 million of the All Collateral group partially funding subject loan has gone bad. This is an indication that this investment group should not have been formed.**



CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2015
-All Rights Reserved-



**Certified Forensic Loan Auditors**

# CONTACT INFORMATION AND EXTRACT OF RECENT INVESTOR STATEMENT

GS Mortgage Securities Corp
Asset-Backed Certificates
Distribution Date:    25-Jun-2015

12-Jun-2015    09:20:11 AM

**GS Mortgage Securities Corp.**
**Asset-Backed Certificates**
**Series GSAA Home Equity Trust 2005-12**

Contact   Customer Service - CTSLink
Wells Fargo Bank, N.A
Securities Administration Services
8480 Stagecoach Circle
Frederick, MD 21701-4747
www.ctslink.com
Telephone    1-866-846-4526
Fax    240-586-8675

### Certificateholder Distribution Summary

| Class | CUSIP | Record Date | Certificate Pass-Through Rate | Beginning Certificate Balance | Interest Distribution | Principal Distribution | Current Realized Loss | Ending Certificate Balance | Total Distribution | Cumulative Realized Losses |
|---|---|---|---|---|---|---|---|---|---|---|
| AV-1 | 362341SP5 | 06/24/2015 | 0.31475 % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| AF-2 | 362341SQ3 | 05/29/2015 | 4.97160 % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| AF-3 | 362341SR1 | 05/29/2015 | 5.06940 % | 2,407,633.58 | 10,442.03 | 179,008.90 | 0.00 | 2,228,624.68 | 189,450.93 | 0.00 |
| AF-3W | 362341TK5 | 05/29/2015 | 4.99900 % | 9,764,899.34 | 40,678.94 | 726,025.71 | 0.00 | 9,038,873.63 | 766,704.65 | 0.00 |
| AF-4 | 362341SS9 | 05/29/2015 | 5.34387 % | 64,211,000.00 | 392,910.77 | 0.00 | 0.00 | 64,211,000.00 | 392,910.77 | 0.00 |
| AF-5 | 362341ST7 | 05/29/2015 | 5.63845 % | 42,067,000.00 | 200,531.12 | 0.00 | 0.00 | 42,067,000.00 | 200,531.12 | 0.00 |
| AF-6 | 362341SU4 | 05/29/2015 | 5.17605 % | 15,761,339.34 | 69,708.48 | 492,289.54 | 0.00 | 15,269,049.81 | 561,998.02 | 0.00 |
| M-1 | 362341SV2 | 05/29/2015 | 5.44765 % | 1,111,355.58 | 0.00 | 0.00 | 231,282.81 | 880,072.77 | 0.00 | 6,224,927.25 |
| M-2 | 3623415W0 | 05/29/2015 | 5.54697 % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 7,105,000.01 |
| M-3 | 362341SX8 | 05/29/2015 | 5.59657 % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3,979,000.01 |
| M-4 | 362341SY6 | 05/29/2015 | 5.69603 % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3,694,000.00 |
| M-5 | 362341SZ3 | 05/29/2015 | 5.79545 % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3,693,999.99 |
| M-6 | 362341TA7 | 05/29/2015 | 5.94437 % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,842,000.00 |
| B-1 | 362341TB5 | 05/29/2015 | 6.09089 % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,558,000.00 |
| B-2 | 362341TC3 | 05/29/2015 | 6.10000 % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,989,000.01 |
| B-3 | 362341TD1 | 05/29/2015 | 6.10000 % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,842,000.01 |
| B-4 | 362341TJ8 | 05/29/2015 | 6.10000 % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3,125,999.99 |
| X | 362341TG4 | 05/29/2015 | 0.00000 % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| P | 362341TH2 | 05/29/2015 | 0.00000 % | 0.01 | 0.00 | 0.00 | 0.00 | 0.01 | 0.00 | 0.00 |
| R-1 | 362341TE9 | 05/29/2015 | 0.00000 % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| R-2 | 362341TF6 | 05/29/2015 | 0.00000 % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Totals | | | | 135,323,227.85 | 614,271.34 | 1,397,324.13 | 231,282.81 | 133,694,620.90 | 2,011,595.49 | 38,053,927.27 |

This report is compiled by Wells Fargo Bank, N.A. from information provided by third parties. Wells Fargo Bank, N.A. has not independently confirmed the accuracy of the information.

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2015*
*-All Rights Reserved-*



**Certified Forensic Loan Auditors**

## CONCLUSION

## CHAIN OF TITLE

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2015*
*-All Rights Reserved-*



**Certified Forensic Loan Auditors**

# MORTGAGE ELECTRONIC REGISTRATION SYSTEMS (MERS) ANALYSIS

- The Mortgage has MIN number 1001355-4000032736-2 and is registered at the MERS SERVICER ID website https://www.mers-servicerid.org/sis//search showing M & T Bank as Servicer and no information regarding any stated "investor."

- Although MERS records an assignment in the real property records, the promissory note which creates the legal obligation to repay the debt has not been transferred nor negotiated by MERS.

- MERS is never entitled to receive a borrower's monthly payments, nor is MERS ever entitled to receive the proceeds of a foreclosure or MORTGAGE sale.

- MERS is never the owner of the promissory note for which it seeks foreclosure.

- MERS has no legal or beneficial interest in the loan instrument underlying the security instrument for which it serves as "nominee".

- MERS has no legal or beneficial interest in the mortgage indebtedness underlying the security instrument for which it serves as "nominee".

- MERS has no interest at all in the promissory note evidencing the mortgage indebtedness.

- MERS is not a party to the alleged mortgage indebtedness underlying the security instrument for which it serves as "nominee".

- MERS has no financial or other interest in whether or not a mortgage loan is repaid.

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2015*
*-All Rights Reserved-*



**Certified Forensic Loan Auditors**

The loan is *registered* within the MERS database showing M & T Bank as Servicer and no information regarding any stated "investor."


www.mers-servicerid.org

Process Loans, Not Paperwork™

**1 record matched your search:**

Need help? 

MIN: **1001355-4000032736-2**       Note Date: **05/23/2005**       MIN Status: **Inactive**

Servicer:  M & T Bank       Phone: **(800) 724-2224**
        **Buffalo, NY**

If you are a borrower on this loan, you can click here to enter additional information and display the Investor name.

◉ **Investor for Individual Borrower**

| |
|---|
| **The additional information you submitted is not found on the MERS® System for this MIN. Please contact the Servicer for more information.** |
| *Your entries may be either upper or lower case.* |
| *Fields marked ★ are required.* |

**Last Name:** LENNON       ★

SSN: ☐ - ☐ - ☐  ★

☐ *By checking this box, the borrower or borrower's authorized representative is attesting to the fact that he or she is in fact the borrower or borrower's authorized representative for the loan in question. Additionally, borrowers wishing to learn the identity of their loan's investor must confirm their identity by entering their last name or corporation name as well as their SSN or TIN. If this information does not match the information contained in the MERS® System for the borrower of the loan, the investor information will not be displayed. Borrowers should verify the results with their loan servicer.* ★

**Submit**

○ **Investor for Corporation/Non-Person Entity Borrower**

Servicer:  M & T Bank       Phone: **(800) 724-2224**
        **Buffalo, NY**

Page | 34

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2015*
*-All Rights Reserved-*



**Certified Forensic Loan Auditors**

ξ For traditional lending prior to Securitization, the original Mortgage recording was usually the only recorded document in the Chain of Title. That is because banks kept the loans, and did not sell the loan, hence, only the original recording being present in the banks name.

The advent of Securitization, especially through "Private Investors" and not Fannie Mae or Freddie Mac, involved an entirely new process in mortgage lending. With Securitization, the Notes and Mortgages were sold once, twice, three times or more. Using the traditional model would involve recording new Assignments of the Mortgage and Note as each transfer of the Note or Mortgage occurred. Obviously, this required time and money for each recording.

(The selling or transferring of the Note is not to be confused with the selling of Servicing Rights, which is simply the right to collect payment on the Note, and keep a small portion of the payment for Servicing Fees. Usually, when a homeowner states that their loan was sold, they are referring to Servicing Rights.)

### ξ Securitizing a Loan

Securitizing a loan is the process of selling a loan to Wall Street and private investors. it is a method with many issues to be considered. The methodology of securitizing a loan generally followed these steps:

- A Wall Street firm would approach other entities about issuing a "Series of Bonds" for sale to investors and would come to an agreement. In other words, the Wall Street firm "presold" the bonds.

- The Wall Street firm would approach a lender and usually offer them a warehouse Line of Credit. The Warehouse Credit Line would be used to fund the loan. The Warehouse Line would be covered by restrictions resulting from the initial Pooling & Servicing Agreement Guidelines and Mortgage Loan Purchase Agreement. These documents outlined the procedures for the creation of the loans and the administering of the loans prior to, and after, the sale of the loans to Wall Street.

- The Lender, with the guidelines, essentially went out and found "buyers" for the loans, people who fit the general characteristics of the Purchase Agreement. (Guidelines were very general and most people could qualify." The Lender would execute the loan and fund it, collecting payments until there were enough loans funded to sell to the Wall Street firm who could then issue the bonds.

- Once the necessary loans were funded, the lender would then sell the loans to the "Sponsor", usually either a subsidiary of the Wall Street firm, of a specially created Corporation of the lender. At this point, the loans are separated into "tranches" of loans, where they will be eventually turned into bonds.

Page | 35



**Certified Forensic Loan Auditors**

- Next, the loans were "sold" to the "Depositor." This was a "Special Purpose Vehicle" designed with one purpose in mind. That was to create a "bankruptcy remote vehicle" where the lender or other entities are protected from what might happen to the loans, and/or the loans are "protected" from the lender. The "Depositor" would be, once again, created by the Wall Street firm or the lender.

- Then the "Depositor" would place the loans into the Issuing Entity, which is another entity created solely for the purpose of selling the bonds.

- Finally, the bonds would be sold, with a Trustee appointed to ensure that the bondholders received their monthly payments.

ξ FIRST NATIONAL BANK OF ARIZONA was a "correspondent lender" that originated mortgage loans. These loans, in turn, were sold and transferred into a "federally-approved securitization" trust named the GSAA HOME EQUITY TRUST 2005-12.

ξ The Note and Mortgage have taken two distinctly different paths. The Note was securitized into the GSAA HOME EQUITY TRUST 2005-12.

ξ The written agreement that created the GSAA HOME EQUITY TRUST 2005-12 is a "Pooling and Servicing Agreement" (PSA), and is a matter of public record, available on the website of the Securities Exchange Commission. The Trust is also described in a "Prospectus Supplement," also available on the SEC website. The Trust by its terms set a "CLOSING DATE" ON OR ABOUT OCTOBER 28, 2005. The promissory note in this case became trust property in compliance with the requirement set forth in the PSA. The Trust agreement is filed under oath with the Securities and Exchange Commission. The acquisition of the assets of the subject Trust and the PSA are governed under the law.

ξ In view of the foregoing, the Assignment of Mortgage executed after the Trust's Closing Date would be a void act for the reason that it violated the express terms of the Trust instrument.

ξ The loan was originally made to FIRST NATIONAL BANK OF ARIZONA and was sold and transferred to GSAA HOME EQUITY TRUST 2005-12. There is no record of Assignments to either the Sponsor or Depositor as required by the Pooling and Servicing Agreement.

> In Carpenter v. Longan 16 Wall. 271,83 U.S. 271, 274, 21 L.Ed. 313 (1872), the U.S. Supreme
> Court stated "The note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while assignment of the latter alone is a nullity."

> An obligation can exist with or without security. With no security, the obligation is unsecured but still valid. A security interest, however, cannot exist without an underlying existing obligation. It is impossible to define security apart from its

Page | 36

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2015*
*-All Rights Reserved-*



**Certified Forensic Loan Auditors**

relationship to the promise or obligation it secures. The obligation and the security are commonly drafted as separate documents – typically a promissory note and a Mortgage. If the creditor transfers the note but not the Mortgage, the transferee receives a secured note; the security follows the note, legally if not physically. If the transferee is given the Mortgage without the note accompanying it, the transferee has no meaningful rights except the possibility of legal action to compel the transferor to transfer the note as well, if such was the agreement. (Kelley v. Upshaw 91952) 39 C.2d 179, 246 P.2d 23; Polhemus v. Trainer (1866) 30C 685).

"Where the mortgagee has "transferred" only the mortgage, the transaction is a nullity and his "assignee" having received no interest in the underlying debt or obligation, has a worthless piece of paper (4 Richard R. Powell), Powell on Real Property, § 37.27 [2] (2000).

By statute, assignment of the mortgage carries with it the assignment of the debt. . . In Mortgage, in the event that a mortgage loan somehow separates interests of the note and the Mortgage, with the Mortgage lying with some independent entity, the mortgage may become unenforceable. The practical effect of splitting the Mortgage from the promissory note is to make it impossible for the holder of the note to foreclose, unless the holder of the Mortgage is the agent of the holder of the note. Without the agency relationship, the person holding only the trust will never experience default because only the holder of the note is entitled to payment of the underlying obligation. The mortgage loan becomes ineffectual when the note holder did not also hold the Mortgage."

## Securitization Summary

1. Generally, if the Mortgage and the Note are not together with the same entity, there can be no legal enforcement of the Note. The Mortgage enforces the Note and provides the capability for the lender to foreclose on the property. Thus, if the Mortgage and the Note are separated, foreclosure legally cannot occur. The Note cannot be enforced by the Mortgage if each contains a different mortgagee/beneficiary; and, if the Mortgage is not itself a legally enforceable instrument, there can be no valid foreclosure on the homeowners' property.

2. No Entity can be a CREDITOR if they do not hold/own the asset in question (i.e. the NOTE and/or the property); a Mortgage Pass Through Trust (i.e. R.E.M.I.C., as defined in Title 26, Subtitle A, Chapter 1, Subchapter M, Part II §§ 850-862) cannot hold assets, for if they do, their tax exempt status is violated and the Trust itself is void ab initio. This is an indication that either the Trust has either voided its intended Tax Free Status, or the asset is not in fact owned by it.

3. In the event that the loan was sold, pooled and turned into a security, such event would indicate that the alleged holder can no longer claim that it is a real party of interest, as the original lender

Page | 37

**Certified Forensic Loan Auditors**

has been paid in full.

4. Further said, once the Note was converted into a stock, or stock equivalent, that event would indicate that the Note is no longer a Note. If both the Note and the stock, or stock equivalent, exist at the same time, that is known as double dipping. Double dipping is a form of securities fraud.

5. Once a loan has been securitized, which the aforementioned loan may have been done many times, that event would indicate that the loan forever loses its security component (i.e., the Mortgage), and the right to foreclose through the Mortgage is forever lost.

6. The findings of this report indicate that the Promissory Note has been converted into a stock as a permanent fixture. As a stock it is governed as a stock under the rules and regulations of the SEC; hence, the requirement for the filings of the registration statements, pooling and servicing agreements, form 424B-5, et.al. There is no evidence on Record to indicate that the Mortgage was ever transferred concurrently with the purported legal transfer of the Note, such that the Mortgage and Note has been irrevocably separated, thus making a nullity out of the purported security in a property, as claimed.

7. Careful review and examination reveals that this was a securitized loan. The Assignment of Mortgage pretended to be an A to D transaction when in fact the foreclosing party was hiding the A to B, B to C, and C to D facts of true sales, where A is the original lender, B the sponsor/seller, C the bankruptcy-remote depositor, and D, the issuing mortgage-backed securities trust. They also hid the legal SEC filings, governing the transaction according to our findings. But to be controlled by those SEC filings, the true original loan Note and Mortgage had to be provided by the Document Custodian certified to have been in possession of them by On or about October 28, 2005. Because it was not, the claim of ownership by the Trust cannot be substantiated and the loan servicing rights not established at law by agreement. Examiner supplies this report as written testimony and is available for oral testimony.

### DISCLAIMER

This report was based exclusively on the documentation provided. It also required that we make reasonable assumptions respecting disclosures and certain loan terms that, if erroneous, may result in material differences between our findings and the loan's actual compliance with applicable regulatory requirements. While we believe that our assumptions provide a reasonable basis for the review results, we make no representations or warranties respecting the appropriateness of our assumptions, the completeness of the information considered, or the accuracy of the findings. The contents of this report are being provided with the understanding that we are not providing legal advice, nor do we have any relationship, contractual or otherwise, with anyone other than the recipient. We do not, in providing this report, accept or assume responsibility for any other purpose.

CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2015
-All Rights Reserved-



**Certified Forensic Loan Auditors**

# EXHIBIT I

## Voluntary Lien Search

## Voluntary Lien Report

**Transaction Details for**
**2 W EMERALD ISLE DR, LAKE HOPATCONG NJ 07849**
**APN: 14-00240-0000-00003-01**

**History Record #: 1**
Foreclosure:
| | |
|---|---|
| Recording Date: 12/09/2014 | Filing Date: 12/04/2014 |
| Document Number: 2014.66045 | Orig Recording Date: 05/26/2005 |
| Document Type: LIS PENDENS | Orig Doc Number: 18895-000067 |
| Trustee: | Trustee Phone: |
| Title Company: | Unpaid Balance: |
| Defendant: LENNON OWEN T JR | |

**History Record #: 2**
Foreclosure:
| | |
|---|---|
| Recording Date: 10/10/2012 | Filing Date: |
| Document Number: 2012.79047 | Orig Recording Date: 10/04/2010 |
| Document Type: RESCISSION OF LIS PENDENS/NOTICE OF DEFAULT/NOTICE OF SALE | Orig Doc Number: 65766 |
| Trustee: M & T BK | Trustee Phone: |
| Title Company: | Unpaid Balance: |
| Defendant: LENNON OWEN T JR | |

**History Record #: 3**
Finance:
| | |
|---|---|
| Recording Date: 05/26/2005 | Finance Type: REFINANCE |
| Document Number: 18895.67 | Mortgage Loan Type: |
| Document Type: TRUST DEED/MORTGAGE | Mortgage Term: |
| Lender: FIRST NATIONAL BANK ARIZONA | Mortgage Rate Type: FIXED |
| Loan Amount: $460,000.00 | Mortgage Rate: |
| Borrower: LENNON OWEN T JR | |

**History Record #: 4**
Release:
| | |
|---|---|
| Recording Date: 03/10/2003 | Orig Recording Date: 04/03/2001 |
| Document Number: 2003 6873 | Orig Doc Number: 9738-0254 |
| Document Type: CANCELLATION | |

**History Record #: 5**
Finance:
| | |
|---|---|
| Recording Date: 04/03/2001 | Finance Type: REFINANCE |
| Document Number: 9738.254 | Mortgage Loan Type: |
| Document Type: TRUST DEED/MORTGAGE | Mortgage Term: |
| Lender: SKYLANDS COMMUNITY BANK | Mortgage Rate Type: FIXED |
| Loan Amount: $50,000.00 | Mortgage Rate: |
| Borrower: LENNON OWEN | |

### Voluntary Lien Date Ranges for Morris, NJ

| | Sales | Mortgages | Assignments | Releases | Foreclosures |
|---|---|---|---|---|---|
| **Start Date** | 01/03/1988 | 01/04/1993 | 01/01/2005 | 01/01/2005 | 01/01/2005 |
| **End Date** | 05/20/2015 | 05/05/2015 | 05/05/2015 | 05/05/2015 | 05/05/2015 |

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2015*
*-All Rights Reserved-*



**Certified Forensic Loan Auditors**

www.datatree.com

1. Item 3. OWEN THOMAS LENNON, JR refinanced the property for $460,000.00.

2. Items 1 & 2. Foreclosure actions brought by foreclosing parties with impropriety as noted in body of report. No Assignments made approximately 5 years after economic transfer into identified trust. <u>Examiner recommends immediate rescission of document for rightful fore-closure to proceed; and production and review of all purchase documents and then notarized note endorsements among all relevant parties.</u>

3. Item 1. Foreclosure action dependent upon a valid Assignment of Mortgage.

*No recorded Assignment of Mortgage on this loan.*

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2015*
*-All Rights Reserved-*

## CERTIFICATE OF SERVICE

VIA Certified and First Class mail with tracking numbers see attached receipts.

FIRST NATIONAL BANK ARIZONA
1760 Old Meadow Road
3rd Floor
McLean, VI 22102

HSBC BANK USA NATIONAL ASSOCIATION
452 Fifth Avenue
New York, NY 10018

GS Mortgage Securities Corp
85 Broad Street
New York, NY. 10004

WELLS FARGO BANK, NA
1 Home Campus
Des Moines, Iowa 50328

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.
PO Box 2026 Flint, MI 48501

McCabe Weisberg & Conway
216 Maddon Ave
Suite 201
Westmont, NJ. 08108

Attested and prepared by: Owen Thomas Lennon

Date  10/30/15

Additionally witnessed by:

Notary Public seal below

Exp. Date  6/17/2016

DANIEL R. THOMAS
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 6/17/2016

```
@@  CHERRY HILL NJ            $5.75
08034-1925 Zone-2
Priority Mail 2-Day
Flat Rate Env
 3.00 oz.
Expected Delivery: Mon 07/27/15
Includes up to $50 insurance


@@ Certified Mail            $3.45
USPS Certified Mail #:
70142120000452199535
Return Receipt               $2.80
Label #:
9590952106150218833528
                           ========
Issue Postage:               $12.00


@@  COLLINGSWOOD NJ 08108     $5.75
Zone-2
Priority Mail 2-Day
Flat Rate Env
 3.00 oz.
Expected Delivery: Mon 07/27/15
Includes up to $50 insurance


@@ Certified Mail            $3.45
USPS Certified Mail #:
70142120000452199528
Return Receipt               $2.80
Label #:
9590952106150218833535
                           ========
Issue Postage:               $12.00


@@  MC LEAN VA 22102-4331     $5.75
Zone-3
Priority Mail 2-Day
Flat Rate Env
 3.00 oz.
Expected Delivery: Mon 07/27/15
Includes up to $50 insurance


@@ Certified Mail            $3.45
USPS Certified Mail #:
70142120000452199511
Return Receipt               $2.80
Label #:
9590952106150218833542
                           ========
Issue Postage:               $12.00

DES MOINES IA 50328 Zone-5    $5.75
Priority Mail 2-Day
Flat Rate Env
 2.90 oz.
Expected Delivery: Mon 07/27/15
Certified Mail Rstr Del        Void
USPS Certified Mail #:
70142120000452199504
Return Receipt                 Void
Label #:
9590952106150218833559
                           ========
Issue Postage:               $17.15

Postage Line Item Void      -$17.15
@@  DES MOINES IA 50328       $5.75
Zone-5
Priority Mail 2-Day
Flat Rate Env
 3.00 oz.
Expected Delivery: Mon 07/27/15
Includes up to $50 insurance


@@ Certified Mail            $3.45
USPS Certified Mail #:
70142120000452199504
Return Receipt               $2.80
Label #:
9590952106150218833559
                           ========
```

```
              LAKE HOPATCONG MPO
         LAKE HOPATCONG, New Jersey
                 078499998
              3356730929-0096
07/25/2015 (973)663-5834 09:12:59 AM

——————— Sales Receipt ———————
Product        Sale Unit      Final
Description    Qty Price      Price

@@  IRVINE CA 92623-9656      $5.75
Zone-8
Priority Mail 2-Day
Flat Rate Env
 2.90 oz.
Expected Delivery: Mon 07/27/15
USPS Tracking #:
9114 9999 4423 8908 1839 15
Includes up to $50 insurance

                           ========
Issue Postage:               $5.75

@@  NEW YORK NY 10019-6801    $5.75
Zone-1
Priority Mail 1-Day
Flat Rate Env
 2.80 oz.
Expected Delivery: Mon 07/27/15
USPS Tracking #:
9114 9999 4423 8908 1839 39
Includes up to $50 insurance

                           ========
Issue Postage:               $5.75

@@  WEST PALM BEACH FL        $5.75
33416-4738 Zone-6
Priority Mail 2-Day
Flat Rate Env
 2.80 oz.
Expected Delivery: Mon 07/27/15
USPS Tracking #:
9114 9999 4423 8908 1839 53
Includes up to $50 insurance

                           ========
Issue Postage:               $5.75

@@  FLINT MI 48501-2026       $5.75
Zone-4
Priority Mail 2-Day
Flat Rate Env
 2.80 oz.
Expected Delivery: Mon 07/27/15
USPS Tracking #:
9114 9999 4423 8908 1839 08
Includes up to $50 insurance

                           ========
Issue Postage:               $5.75

@@  BALTIMORE MD 21264        $5.75
Zone-2
Priority Mail 2-Day
Flat Rate Env
 2.80 oz.
Expected Delivery: Mon 07/27/15
USPS Tracking #:
9114 9999 4423 8908 1839 77
Includes up to $50 insurance

                           ========
Issue Postage:               $5.75
```

Total                          $66.40

Debit Card Remit'd             $66.40
     (Card Name:Debit Card)
     (Account #:XXXXXXXXXXX8904)
     (Approval #:011265)
     (Transaction #:501)
     (Receipt #:000571)
     (Debit Card Purchase:$66.40)
     (Cash Back:$0.00)

For tracking or inquiries go to
USPS.com or call 1-800-222-1811.

Save this receipt as evidence of
insurance. For information on filing
an insurance claim go to
https://www.usps.com/help/claims.htm

After delivery, use this tracking
number to track your Return Receipt.

Order stamps at usps.com/shop or call
1-800-Stamp24. Go to
usps.com/clicknship to print shipping
labels with postage. For other
information call 1-800-ASK-USPS.

*****************************************
Get your mail when and where you want
it with a secure Post Office Box. Sign
up for a box online at
usps.com/poboxes.
*****************************************

All sales final on stamps and postage
Refunds for guaranteed services only
       Thank you for your business

        HELP US SERVE YOU BETTER

     TELL US ABOUT YOUR RECENT
         POSTAL EXPERIENCE

              Go to:
https://postalexperience.com/Pos

       or scan this code with
       your mobile device:



     or call 1-800-410-7420.

       YOUR OPINION COUNTS

Bill #:  840-50880084-2-135459-2
Clerk:   08

---

3341100929
11/02/2015    (800)275-8777   2:06 PM
==========================================
==========================================
Product               Sale        Final
Description           Qty         Price

PM 2-Day               1          $5.75
Flat Rate Env
     (Domestic)
     (DES MOINES, IA  50328)
     (Flat Rate)
     (Expected Delivery Day)
     (Wednesday 11/04/2015)
Certified              1          $3.45
     (@@USPS Certified Mail #)
     (70142120000452199559)
Return                 1          $2.80
Receipt
     (@@USPS Return Receipt #)
     (9590952106150218834044)
PM 1-Day               1          $5.75
Flat Rate Env
     (Domestic)
     (NEW YORK, NY  10018)
     (Flat Rate)
     (Expected Delivery Day)
     (Tuesday 11/03/2015)
Certified              1          $3.45
     (@@USPS Certified Mail #)
     (70142120000452199641)
Return                 1          $2.80
Receipt
     (@@USPS Return Receipt #)
     (9590952106150218833986)
PM 2-Day               1          $5.75
Flat Rate Env
     (Domestic)
     (MC LEAN, VA  22102)
     (Flat Rate)
     (Expected Delivery Day)
     (Wednesday 11/04/2015)
Certified              1          $3.45
     (@@USPS Certified Mail #)
     (70133020000021725560)
Return                 1          $2.80
Receipt
     (@@USPS Return Receipt #)
     (9590952106150218834051)
PM 2-Day               1          $5.75
Flat Rate Env
     (Domestic)
     (FLINT, MI  48501)
     (Flat Rate)
     (Expected Delivery Day)
     (Wednesday 11/04/2015)
Certified              1          $3.45
     (@@USPS Certified Mail #)
     (70142120000452199658)
PM 1-Day               1          $5.75
Flat Rate Env
     (Domestic)
     (NEW YORK, NY  10004)
     (Flat Rate)
     (Expected Delivery Day)
     (Tuesday 11/03/2015)
Certified              1          $3.45
     (@@USPS Certified Mail #)
     (70142120000452199634)
PM 2-Day               1          $5.75
Flat Rate Env
     (Domestic)
     (COLLINGSWOOD, NJ  08108)
     (Flat Rate)
     (Expected Delivery Day)
     (Wednesday 11/04/2015)
Certified              1          $3.45
     (@@USPS Certified Mail #)
     (70133020000021725621)
Return                 1          $2.80
Receipt
     (@@USPS Return Receipt #)

EVIDENCE OF DELIVERY

True unaltered copy of receipt for; United States Registered Mail, Return Receipt, United States Certified Mail, Postal Service Receipt





## EVIDENCE OF DELIVERY

True unaltered copy of receipt for; United States Registered Mail, Return Receipt, United States Certified Mail, Postal Service Receipt



EVIDENCE OF DELIVERY

True unaltered copy of receipt for; United States Registered Mail, Return Receipt, United States
Certified Mail, Postal Service Receipt



## EVIDENCE OF DELIVERY

True unaltered copy of receipt for;  United States Registered Mail, Return Receipt, United States
Certified Mail, Postal Service Receipt



EVIDENCE OF DELIVERY

True unaltered copy of receipt for;  United States Registered Mail, Return Receipt, United States
Certified Mail, Postal Service Receipt





EVIDENCE OF DELIVERY

True unaltered copy of receipt for;  United States Registered Mail, Return Receipt, United States Certified Mail, Postal Service Receipt





# EVIDENCE OF DELIVERY

True unaltered copy of receipt for;  United States Registered Mail, Return Receipt, United States
Certified Mail, Postal Service Receipt

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

McCabe Weisberg + Conway
916 Maddon Ave
Suite 201
Westmont, NJ 08108

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
Turner                            7-27-15

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7014 2120 0004 5219 9528

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

EVIDENCE OF DELIVERY

True unaltered copy of receipt for;  United States Registered Mail, Return Receipt, United States Certified Mail, Postal Service Receipt

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Wells Fargo Bank
1 Home Campus
Des Moines, Iowa
50328

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent
                          ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7014 2120 0004 5219 9504

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540