**REED SMITH LLP**
*Formed in the State of Delaware*
Aaron M. Bender
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, NJ 08540
Tel.: (609) 987-0050
abender@reedsmith.com

Attorneys for Defendants HSBC Bank USA, National Association as Trustee for GSAA Home Equity Trust 2005-12 (sued erroneously as "HSBC Bank USA, National Association as Trustee for Securitized Trust GSAA Home Equity Trust 2005-12"); Wells Fargo Bank, N.A.; and Mortgage Electronic Registration Systems, Inc. (sued erroneously as "Mortgage Electronic Registration System")

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| OWEN THOMAS LENNON, JR., a natural man,<br><br>Plaintiff,<br><br>vs.<br><br>FIRST NATIONAL BANK OF ARIZONA; HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR SECURITIZED TRUST GSAA HOME EQUITY TRUST 2005-12; GS MORTGAGE SECURITIES CORP.; GS MORTGAGE SECURITIES CORP.; WELLS FARGO BANK, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, AKA "MERS" AND DOES 1 THROUGH 100, INCLUSIVE,<br><br>Defendants. | Case No. 2:15-cv-07866-MCA-MAH<br><br><br><br>**Motion Returnable:**<br>**January 4, 2016** |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
## MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE

# TABLE OF CONTENTS

**Page**

I.   PRELIMINARY STATEMENT ........................................................ 1

II.  FACTUAL ALLEGATIONS ......................................................... 2

III. ARGUMENT ........................................................................... 3

   A.   Standard of Review on a Motion to Dismiss ......................... 3

      1.   This Court Lacks Subject Matter Jurisdiction ............ 4

      2.   The Complaint Fails to State a Claim Upon Which Relief
           May Be Granted ................................................. 4

   B.   PLAINTIFF'S COMPLAINT IS BARRED BY THE
        PENDING STATE COURT FORECLOSURE ACTION ................. 6

      1.   Plaintiff's Claims Are Barred by the Younger Doctrine ........... 6

      2.   Plaintiff's Complaint Is Barred by the Entire Controversy
           Doctrine ........................................................ 7

   C.   PLAINTIFF FAILS TO STATE A VIABLE CLAIM FOR
        RELIEF AGAINST DEFENDANTS .................................... 10

      1.   Plaintiff's Claim for Lack of Standing/Wrongful
           Foreclosure Fails As a Matter of Law ....................... 10

      2.   Plaintiff's Fraud Claims Are Time-Barred and
           Insufficiently Pled ........................................... 12

      3.   Plaintiff's Claim for Intentional Infliction of Emotional
           Distress Is Insufficiently Pled ............................. 14

      4.   Plaintiff's Slander of Title Claim Is Insufficiently Pled .......... 16

      5.   Plaintiff's Quiet Title Claim Is Insufficiently Pled ............. 18

      6.   Plaintiff's Declaratory Relief Claim Fails As a Matter of
           Law ............................................................ 19

      7.   Plaintiff's Claim for Violations of TILA Is Time-Barred
           and Insufficiently Pled ...................................... 19

       8.    Plaintiff's Claim for Violations of RESPA Is Time-Barred and Insufficiently Pled ..................................................21

       9.    Plaintiff's Claim for Rescission is Time-Barred ......................22

IV.   CONCLUSION ...........................................................................22

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ACLU-NJ v. Township of Wall*,
  246 F.3d 258 (3d Cir. 2001) ...................................................................4

*Andujar v. Deutsche Bank Nat'l Trust Co.*,
  2015 WL 4094637 (D.N.J. July 7, 2015) ...................................11, 18, 19

*Archbrook Laguna, LLC v. Marsh*,
  414 N.J. Super. 97 (App. Div. 2010) ......................................................9

*Arista Records, Inc. v. Flea World, Inc.*,
  356 F. Supp. 2d 411 (D.N.J. 2005) ........................................................17

*Ashcroft v. Iqbal*,
  556 U.S. 662, 129 S. Ct. 1937 (2009) ..................................................5, 6

*Bank of New York v. Raftogianis*,
  418 N.J. 323 (Sup. Ct. 2010) ................................................................12

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .............................................................................5, 6

*Benak v. Alliance Capital Mgmt., L.P.*,
  349 F. Supp. 2d 882 (D.N.J. 2004) .........................................................2

*Berman v. Gurwicz*,
  189 N.J. Super. 89, 458 A.2d 1311 (App. Div. 1981) .............................13

*Bishop v. Okidata, Inc.*,
  864 F. Supp. 416 (D.N.J. 1994) .............................................................15

*Buckley v. Trenton Savings Fund Society*,
  111 N.J. 355 (1988) .........................................................................14, 15

*In re Burlington Coat Factory Sec. Litig.*,
  114 F.3d 1410 (3d Cir. 1997) ..................................................................2

*Cabeza v. Fed. Home Loan Mortg. Corp.*,
  2015 WL 2226024 (D.N.J. May 12, 2015) ..............................................18

*Cogdell v. Hosp. Ctr. at Orange*,
    116 N.J. 7 (1989) ........................................................................................8

*Cohen v. Kurtzman*,
    45 F. Supp. 2d 423 (D.N.J. 1999)...........................................................4

*Conley v. Gibson*,
    355 U.S. 41 (1957)....................................................................................5

*Cowell v. Palmer Tp.*,
    263 F.3d 286 (3d Cir. 2001) ....................................................................6

*Daimler Chrysler Corp. v. Cuno*,
    547 U.S. 332 (2006)..................................................................................4

*Dimitrakis v. CitiBank, F.S.B.*,
    2013 WL 496046 (D.N.J. Feb. 7, 2013)...........................................19, 20

*DiTrolio v. Antiles*,
    142 N.J. 253 (1995) ..................................................................................9

*Downey v. Perrault*,
    2009 WL 3030051 (D.N.J. Sep. 15, 2009)..............................................7

*Drennan v. PNC Bank, N.A.*,
    622 F.3d 275 (3d Cir. 2010) ..................................................................21

*Eli Lilly & Co. v. Roussel Corp.*,
    23 F. Supp. 2d 460,491 (D.N.J. 1998)...................................................13

*Ellman v. Hinkes*,
    2007 WL 632968 (N.J. Super. Ct. App. Div. 2007)..............................16

*English v. Fed'l Nat'l Mortg. Ass'n*,
    2013 WL 6188572 (D.N.J. Nov. 26, 2013) ...........................................11

*Eun Ju Song v. Bank of America, N.A.*,
    2015 WL 248436 (D.N.J. Jan. 20, 2015).................................................11

*Frederico v. Home Depot*,
    507 F.3d 188 (3d Cir. 2007) ..................................................................13

*Frega v. N. N.J. Mortg. Ass'n,*
   51 N.J. Super. 331, 143 A.2d 885 (App. Div. 1958)..........................................17

*Fregara v. Jet Aviation Business Jets,*
   764 F. Supp. 940 (D.N.J. 1991)..........................................15

*Galayda v. Wachovia Mortg., FSB,*
   2010 WL 5392743 (D.N.J. Dec. 22, 2010)..........................................19, 20, 21

*Gennari v. Weichert Co. Realtors,*
   148 N.J. 582, 691 A.2d 350 (1997) ..........................................13

*Gray v. Pagano,*
   287 Fed. App'x 155 (3d Cir. 2008) ..........................................7

*Great Falls Bank v. Pardo,*
   263 N.J. Super. 388 (Ch. Div. 1993) ..........................................8

*Griffin v. Tops Appliance City,*
   337 N.J. Super. 15 (App. Div. 2001) ..........................................14, 15

*Hutchinson v. Delaware Savs. Bank FSB,*
   410 F. Supp. 2d 374 (D.N.J. 2006)..........................................22

*Justice v. Countrywide Home Loans, Inc.,*
   2006 WL 141746 (E.D. Tenn. Jan. 18, 2006) ..........................................20

*Kaselaan & D'Angelo Assocs., Inc. v. Soffian,*
   290 N.J. Super. 293 (App. Div. 1996)..........................................9

*Lazaridis v. Wehmer,*
   591 F.3d 666 (3rd Cir. 2010) ..........................................7

*Leisure Tech. v. Klingbeil Holdings Co.,*
   349 A.2d 96 (App. Div. 1975) ..........................................8

*Lemaldi v. DeTomaso of America, Inc.,*
   156 N.J. Super. 441 (Law Div. 1978)..........................................15

*Lone v. Brown,*
   199 N.J. Super. 420 (1985) ..........................................16

*Lum v. Bank of America*,
    361 F.3d 217 (3d Cir. 2004) ................................................................. 13

*Mala v. Crown Bay Marina, Inc.*,
    704 F.3d 239 (3d Cir. 2013) ................................................................... 6

*Manhattan Woods Golf Club, Inc. v. Arai*,
    312 N.J. Super. 573 (App. Div. 1998) ................................................... 8

*Marks v. Chicoine*,
    2007 WL 160992 (N.D. Cal. Jan. 18, 2007) ....................................... 20

*Mayflower Industries v. Thor Corp.*,
    15 N.J. Super. 139 (Ch. Div. 1951) ..................................................... 16

*McNally v. Providence Washington Ins. Co.*,
    304 N.J. Super. 83 (App. Div. 1997) ..................................................... 8

*Miller v. New Jersey Dep't of Corrections*,
    145 F.3d 616 (3d Cir. 1998) ................................................................. 20

*Mills v. Polar Molecular Corp.*,
    12 F.3d 1170 (2d Cir. 1993) ................................................................. 13

*Mocco v. Frumento*,
    2012 WL 5989445 (D.N.J. 2012 Nov. 19, 2012) ................................... 9

*Mori v. Hartz Mountain Dev. Corp.*,
    193 N.J. Super. 47 (App. Div. 1983) ..................................................... 9

*In re Mullarkey*,
    536 F.3d 215 (3d Cir. 2008) ................................................................... 8

*Napoli v. HSBC Mortg. Servs.*,
    2012 WL 3715936 (D.N.J. Aug. 27. 2012) ........................................... 7

*New Jersey Protection & Advocacy, Inc. v. New Jersey Dept. of
    Educ.*,
    563 F. Supp. 2d 474 (D.N.J. 2008) ....................................................... 4

*Oliver v. Bank of Amer., N.A.*,
    2014 WL 1429605 (D.N.J. Apr. 14, 2014) ........................................... 11

*Pension Benefit Guar. Corp. v. White Consol. Indus.*,
  998 F.2d 1192 (3d Cir. 1993) ................................................................. 2

*PHH Mortg. Corp. v. Garner*,
  2013 WL 2459868 (N.J. App. Div. June 10, 2013)........................... 12

*Pillitteri v. First Horizon Home Loans*,
  2015 WL 790633 (D.N.J. Feb. 24, 2015) ........................................ 12

*Riemer v. St. Clare's Riverside Med. Ctr.*,
  300 N.J. Super. 101 (App. Div.), *cert. denied*, 125 N.J. 188 (1997)................. 8

*Saporito v. Combustion Eng'g Inc.*,
  843 F.2d 666 (3d Cir. 1988), *vacated on other grounds*, 489 U.S.
  1049 (1989)................................................................................ 13

*Schiano v. MBNA*,
  2013 WL 2452681 (D.N.J. Feb. 11, 2013) ...................................... 18

*Shaw v. Digital Equip. Corp.*,
  82 F.3d 1194 (1st Cir. 1996).............................................................. 2

*Somerset Trust Co. v. Stenberg*,
  238 N.J. Super. 279 (Ch. Div. 1989) ............................................... 8

*Stewart Title Guar. Co. v. Greenlands Realty, L.L.C.*,
  58 F. Supp. 2d 370 (D. N.J. 1999)................................................. 16

*Sys. Operations, Inc. v. Scientific Games Dev. Corp.*,
  555 F.2d 1131 (3d Cir. 1977) ........................................................ 16

*Turner v. Wong*,
  363 N.J. Super. 186 (App. Div. 2003)............................................ 15

*Vallies v. Sky Bank*,
  591 F.3d 152 (3d Cir. 2009) .......................................................... 21

*Williamson v. Tucker*,
  645 F.2d 404 (5th Cir.), *cert. denied*, 454 U.S. 897, 102 S. Ct. 396
  (1981)............................................................................................ 4

*Younger v. Harris*,
  401 U.S. 37 (1971)........................................................................... 7

## Statutes

12 U.S.C. § 2614 ............................................................................................22

15 U.S.C. § 1635(f) .........................................................................................22

15 U.S.C. § 1640(a) .........................................................................................21

15 U.S.C. § 1640(e) .........................................................................................19

N.J. Stat. Ann. § 2A:14-1 ...............................................................................12

## Rules

Fed. R. Civ. P. 8(a) ...........................................................................................3

Fed. R. Civ. P. 8(a)(2) .......................................................................................4

Fed. R. Civ. P. 9(g) ..........................................................................................17

Fed. R. Civ. P. 12(b)(1) ........................................................................3, 4, 7, 10

Fed. R. Civ. P. 12(b)(6) ..............................................................................3, 4, 5

N.J. Ct. R. 4:30(a) ..............................................................................................7

## Regulations

12 C.F.R. § 226.2(a)(13) ..................................................................................22

## Other Authorities

Feb. 7, 2013 FTC Press Release, "Defendants in Alleged 'Forensic
    Audit' Mortgage Scam Settle FTC Charges."
    https://www.ftc.gov/news-events/press-
    releases/2013/02/defendants-alleged-forensic-audit-mortgage-
    scam-settle-ftc ...........................................................................................2

# I.    PRELIMINARY STATEMENT

All of Plaintiff Owen Thomas Lennon, Jr.'s ("Plaintiff") claims against HSBC Bank USA, National Association as Trustee for GSAA Home Equity Trust 2005-12 (sued erroneously as "HSBC Bank USA, National Association as Trustee for Securitized Trust GSAA Home Equity Trust 2005-12") ("HSBC Bank"), Wells Fargo Bank, N.A. ("Wells Fargo"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (sued erroneously as "Mortgage Electronic Registration System") (collectively, "Defendants") are barred by the *Younger* Doctrine and the Entire Controversy Doctrine.  Plaintiff's property is the subject of a pending state court foreclosure action that began on December 4, 2014 (the "Foreclosure Action"). Plaintiff's Complaint in this action is nothing more than a collateral attack on the Foreclosure Action.

Just as significantly, Plaintiff's Complaint[1] fails to state any claims that could be maintained against any of the Defendants.    In claiming wrongful foreclosure, Plaintiff makes various assertions of improprieties in the securitization[2] of his loan, claiming that it did not follow the requirements of the

---

[1] In preparing his Complaint, Plaintiff has clearly recycled Complaints that have been filed by other *pro se* borrowers.  The Court need only look at Plaintiff's Complaint in *Lennon v. CIT* Originators, United States District Court for the District of New Jersey, Case No. 2:15-cv-04372-MCA-MAH, and Complaints filed in *Mwaura v. Countrywide Bank, FSB*, United States District Court for the Western District of Washington, Case No. 13-cv-1553-JLR, and *Strong v. Countrywide Home Loans, Inc.*, United States District Court for the District of Oregon, Case No. 6:15-cv-01536-MC, to see that Plaintiff's allegations and legal claims were cut and pasted from other Complaints.  Thus, Plaintiff's allegations are wholly suspect and are not particularized to his situation.

[2] Plaintiff's Complaint is premised in part on a speculative "report" provided by an entity named "Certified Forensic Loan Auditors, LLC."  ECF Docket No. 1-1, at 17-60.  Defendants' counsel has seen a recent increase in *pro se* litigants filing collateral attacks on foreclosures based on similar "reports."  The Federal Trade Commission has been investigating "forensic audits" and has cautioned that such

governing Pooling and Servicing Agreement ("PSA"), causing the Note to be "split" from the mortgage.  However, he has no standing to enforce the PSA, and New Jersey courts have expressly rejected the "split note theory."  In addition, contrary to Plaintiff's assertions, MERS was authorized to assign the mortgage. The remainder of Plaintiff's claims are insufficiently pled, time-barred, or both.

The Court does not need to expend any more judicial resources on Plaintiff's blatant attempt to collaterally attack the Foreclosure Action, raise arguments that have already been rejected, and make allegations that do not afford any right to relief under the law.  Defendants respectfully request that this Court Dismiss Plaintiff's Complaint with prejudice.

## II.  <u>FACTUAL ALLEGATIONS</u>

Plaintiff obtained a $460,000 loan on May 17, 2005, secured by property located at 2 W. Emerald Isle Drive, Lake Hopatcong, New Jersey (the "Property"). Compl. ¶ 29; Certification of Aaron M. Bender ("Bender Cert."), Ex. A.[3]  The mortgage identifies Plaintiff as the borrower, First National Bank of Arizona as the

---

"audits" are scams.  *See* Feb. 7, 2013 FTC Press Release, "Defendants in Alleged 'Forensic Audit' Mortgage Scam Settle FTC Charges." https://www.ftc.gov/news-events/press-releases/2013/02/defendants-alleged-forensic-audit-mortgage-scam-settle-ftc.

[3] The Court may take judicial notice of public records on motions to dismiss.  *See, e.g., Benak v. Alliance Capital Mgmt., L.P.*, 349 F. Supp. 2d 882, 889 n.8 (D.N.J. 2004) (on motion to dismiss court may take judicial notice of publicly available documents and "plaintiffs may therefore be charged with knowledge of relevant public information.").  In addition, "[a] 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'"  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)); *see also Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.").

lender, and MERS as the "nominee for Lender and Lender's successors and assigns." *Id.*

On December 4, 2014, HSBC Bank brought a foreclosure action regarding the Property, *HSBC Bank USA, National Association as Trustee for GSAA Home Equity Trust 2005-12 v. Owen Thomas Lennon, Jr., et al.*, Superior Court of New Jersey, Chancery Division, Morris County, Case No. F-050942-14 (the "Foreclosure Action"). Bender Cert., Ex. B. The Foreclosure Action is still pending. Bender Cert., Ex. C.

Despite this pending Foreclosure Action, Plaintiff filed the present lawsuit on November 3, 2015,[4] alleging that none of the Defendants has standing to foreclose. *See, e.g.*, Compl. ¶¶ 14, 25, 50, 58, 59. He claims problems in the securitization of the loan and fraud in the origination of the loan. *Id.* ¶¶ 17-26, 30-55, 64-71, 76. In particular, he claims that the loan was not securitized as required by the governing PSA, such that the Note and mortgage were "split." *Id.* ¶¶ 30-50. He brings claims for lack of standing/wrongful foreclosure, fraud in the concealment, fraud in the inducement, intentional infliction of emotional distress, slander of title, quiet title, declaratory relief, violation of TILA, violation of RESPA, and rescission.

## III.    ARGUMENT

### A.    Standard of Review on a Motion to Dismiss

The Federal Rules of Civil Procedure provide that a party may file a Motion to Dismiss a claim for "lack of subject matter jurisdiction" or for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(1), 12(b)(6), 8(a). Plaintiff's Complaint is wholly devoid of any factual or legal basis that would

---

[4] MERS was served with a copy of the Complaint that was incomplete, as it was missing exhibits that were filed with the Court. Defendants are not aware that any party has been served with a copy of the Summons.

entitle him to relief under any of his theories. "If a dispute is not a proper case or controversy, the courts have no business deciding it, or expounding the law in the course of doing so." *Daimler Chrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006).

### 1.    This Court Lacks Subject Matter Jurisdiction

A defendant may move to dismiss a claim for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) at any time. *New Jersey Protection & Advocacy, Inc. v. New Jersey Dept. of Educ.*, 563 F. Supp. 2d 474, 479 (D.N.J. 2008) (citations omitted). "For a Rule 12(b)(1) motion addressing the existence of subject matter jurisdiction, however, no presumptive truthfulness attaches to the allegations of a plaintiff." *Cohen v. Kurtzman*, 45 F. Supp. 2d 423 (D.N.J. 1999) (citations omitted). A court is not limited to the allegations contained in the Complaint, and may consider "[c]onflicting written and oral evidence . . . and a court may 'decide for itself the factual issues which determine jurisdiction.'" *Id.* quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897, 102 S. Ct. 396 (1981). Unlike a Motion under Fed. R. Civ. P. 12(b)(6), "when subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Id.* (citations omitted). A party who seeks to invoke federal jurisdiction bears the burden of proving standing. *ACLU-NJ v. Township of Wall*, 246 F.3d 258, 266 (3d Cir. 2001).

In this case, Plaintiff has not and cannot meet that burden. All of Plaintiff's claims relate to the pending Foreclosure Action. Therefore, this Court does not have subject matter jurisdiction, and the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

### 2.    The Complaint Fails to State a Claim Upon Which Relief May Be Granted

Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to provide "'a short and plain statement of the claim showing that [he] . . . [is] entitled to relief,'

in order to 'give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Claims that fail to meet this standard must be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted."

While these Rules do not require heightened fact pleading, they do require that a complaint contain sufficient factual allegations, which, accepted as true, state a claim for relief "'that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570 (2007)). Where, however, the plaintiff fails to "nudge[] [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombly*, 550 U.S. at 570. This "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). Indeed, where there is an "obvious alternative explanation" for the conduct alleged, the complaint should be dismissed. *Iqbal*, 129 S. Ct. at 1951. Therefore, to survive a motion to dismiss under Rule 12(b)(6), the plaintiff must provide more than just "labels and conclusions;" rather, he must provide the grounds of his entitlement to relief. *Twombly*, 550 U.S. at 555 ("formulaic recitation of the elements of a cause of action will not do.").

Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949-50 ("threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice[;] only a complaint that states a plausible claim for relief survives a motion to dismiss."). Indeed, while legal

conclusions may establish the complaint's basic framework, "they must be supported by factual allegations." *Id.* at 1950.

While a Court must construe *pro se* plaintiffs' Complaints more liberally than it would a Complaint drafted by an attorney, that less stringent standard does not mean that *pro se* plaintiffs need not abide by the basic rules of pleading; they "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

In addition, where it is clear that amendment would be futile, the court may dismiss the Complaint without leave to amend. *See Cowell v. Palmer Tp.*, 263 F.3d 286, 296 (3d Cir. 2001) ("leave to amend need not be granted when amending the complaint would clearly be futile").

Here, as discussed below, the Court does not have subject matter jurisdiction over this case. In addition, Plaintiff has not "nudged" his claims "across the line from conceivable to plausible." *Iqbal*, 129 S. Ct. at 1951 (*citing Twombly*, 550 U.S. at 570). Accordingly, the Court should grant Defendants' Motion to Dismiss without leave to amend.

## B.    PLAINTIFF'S COMPLAINT IS BARRED BY THE PENDING STATE COURT FORECLOSURE ACTION

All of Plaintiff's claims are based on his assertion that none of the Defendants has standing to foreclose. Yet HSBC Bank's standing to foreclose is necessarily at issue in the pending Foreclosure Action. Thus, the pending Foreclosure Action prevents this Court from taking jurisdiction of Plaintiff's redundant claims.

### 1.    Plaintiff's Claims Are Barred by the *Younger* Doctrine

A federal court "must abstain" from exercising jurisdiction when: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate

opportunity to raise the federal claims." *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3rd Cir. 2010); *see also Younger v. Harris*, 401 U.S. 37 (1971). When a plaintiff asserts claims that are the subject of a pending foreclosure action, the *Younger* abstention prevents re-litigation of those claims in a separate action. *Downey v. Perrault*, 2009 WL 3030051, at *1 (D.N.J. Sep. 15, 2009) ("This Court cannot interfere with an ongoing state-court foreclosure action."); *Gray v. Pagano*, 287 Fed. App'x 155, 157-58 (3d Cir. 2008) dismissing complaint relating to ongoing state foreclosure action, as barred by *Younger* abstention).

In the present case, all of the *Younger* elements are satisfied: (1) the Foreclosure Action is judicial in nature; (2) there is a state interest in the Foreclosure Action, as it implicates real property, and state court laws govern the foreclosure process; and (3) Plaintiff has an adequate opportunity to raise his claims, premised on alleged lack of standing to foreclose, in the Foreclosure Action. Accordingly, the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

2. **Plaintiff's Complaint Is Barred by the Entire Controversy Doctrine**

Plaintiff's claims involve allegations related to Defendants' standing to foreclose on Plaintiff's loan in the Foreclosure Action. All of his claims involve the same loan and issues that are germane to the Foreclosure Action. Any claims that Plaintiff had related to this loan or standing to foreclose need to be brought in the Foreclosure Action under the Entire Controversy Doctrine.

The Entire Controversy Doctrine, codified as New Jersey Court Rule 4:30(a), mandates that Plaintiff's claims regarding the mortgage loan and the right to foreclose it must be adjudicated in the Foreclosure Action. *Napoli v. HSBC Mortg. Servs.*, 2012 WL 3715936, at **3-4 (D.N.J. Aug. 27. 2012) (upholding Entire Controversy Doctrine, and holding that borrowers must raise foreclosure

claims in chancery action). The Entire Controversy Doctrine extends to claims that are germane to the Foreclosure Action. *See In re Mullarkey*, 536 F.3d 215, 299 (3d Cir. 2008). Germane claims are defined as those claims "arising out of the mortgage transaction which is the subject of the foreclosure action." *Leisure Tech. v. Klingbeil Holdings Co.*, 349 A.2d 96, 97 (App. Div. 1975). There are only three elements that must be shown to prevail in the foreclosure action: the validity of the loan documents (the note and mortgage); the alleged default; and the right to foreclose. *Great Falls Bank v. Pardo*, 263 N.J. Super. 388 (Ch. Div. 1993); *Somerset Trust Co. v. Stenberg*, 238 N.J. Super. 279, 283-84 (Ch. Div. 1989). The third element required to prove a foreclosure is the right to foreclose, which includes standing.

The Entire Controversy Doctrine requires the joinder in one action of all claims and all parties related to a single underlying transaction. *See Manhattan Woods Golf Club, Inc. v. Arai*, 312 N.J. Super. 573, 577 (App. Div. 1998) (citations omitted); *Riemer v. St. Clare's Riverside Med. Ctr.*, 300 N.J. Super. 101 (App. Div.), *cert. denied*, 125 N.J. 188 (1997). The threefold objectives behind the Entire Controversy Doctrine are to: (1) encourage comprehensive and conclusive determination of a legal controversy; (2) achieve party fairness, including for both parties before the court, as well as prospective parties; and (3) promote judicial economy and efficiency by avoiding fragmented, multiple, and duplicative litigation. *Id.*

The Entire Controversy Doctrine is also intended to "conserve judicial resources" because "judicial energy is not inexhaustible or endlessly renewable." *Cogdell v. Hosp. Ctr. at Orange*, 116 N.J. 7, 24 (1989) (observing that the Entire Controversy Doctrine controls "litigational extravagance"). It requires joinder of all legal and equitable claims relating to a single underlying transaction in a single action, not piecemeal litigation. *McNally v. Providence Washington Ins. Co.*, 304

- 8 -

N.J. Super. 83 (App. Div. 1997); *see also DiTrolio v. Antiles*, 142 N.J. 253, 267-68 (1995) ("It is the core set of facts that provides the link between distinct claims against the same or different parties and triggers the requirement that they be determined in one proceeding."). The Entire Controversy Doctrine does not require claims to be fully litigated before being precluded. *See Kaselaan & D'Angelo Assocs., Inc. v. Soffian*, 290 N.J. Super. 293, 299 (App. Div. 1996) (citations omitted). "[T]he entire controversy doctrine applies not only to matters *actually* litigated, but to all aspects of a controversy that *might have thus been litigated* and determined." *Mori v. Hartz Mountain Dev. Corp.*, 193 N.J. Super. 47, 56 (App. Div. 1983) (emphasis in original).

Further, New Jersey state and federal courts have determined that the Entire Controversy Doctrine applies when a plaintiff brings related claims in a second lawsuit, even when the first lawsuit has not concluded. *Mocco v. Frumento*, 2012 WL 5989445, at *4 (D.N.J. 2012 Nov. 19, 2012) ("Pursuant to New Jersey law, a second lawsuit, related to one currently pending, that meets the conditions for application of the entire controversy doctrine, should be dismissed."); *Archbrook Laguna, LLC v. Marsh*, 414 N.J. Super. 97, 107 (App. Div. 2010) ("Third, BDIL contends it had the unfettered right to file this second suit without fear of the entire controversy doctrine solely because the first suit was still pending. We find no support for this contention. Indeed, our acceptance of the argument that such a bright line rule exists would encourage the type of forum shopping and fragmentation of controversies the entire controversy doctrine was intended to preclude.")

This Complaint is nothing more than a collateral attack on the Foreclosure Action. All of the claims that Plaintiff is seeking to bring here are related to the loan at issue in the Foreclosure Action and are germane to the Foreclosure Action. This is exactly the type of chicanery that the Entire Controversy Doctrine is

designed to prevent. Plaintiff has a full and fair opportunity to raise any issues he has related to the enforceability of the loan in the Foreclosure Action. Accordingly, his present lawsuit is inappropriate and must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

## C.    PLAINTIFF FAILS TO STATE A VIABLE CLAIM FOR RELIEF AGAINST DEFENDANTS

Even if Plaintiff's claims were not barred, as argued above, Plaintiff has failed to meet the well-established pleading standards for all of his claims.

### 1.    Plaintiff's Claim for Lack of Standing/Wrongful Foreclosure Fails As a Matter of Law

Plaintiff alleges that when his loan was securitized, it was not done in accordance with the requirement of the governing PSA, such that the mortgage and Note were "split" and none of the defendants have standing to foreclose. Compl. ¶¶ 30-50, 57-59. He also claims that MERS is not a valid beneficiary and had no authority to assign the mortgage. *Id.* ¶¶ 62, 69. These allegations fail to state a cause of action for lack of standing/wrongful foreclosure.

As a primary matter, there is nothing unlawful about securitizing a loan. Securitization is just another way of saying the loan was sold, and the mortgage that Plaintiff signed and agreed to specifically states that "[t]he Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower." Bender Cert., Ex. A, at 11, ¶ 20. Thus, Plaintiff was advised and agreed that the lender might sell his loan after closing. Any such transfer is independent of Plaintiff's obligation to make payments under the terms of the Note. *Id.* In other words, the current identity of the Note holder has no impact on Plaintiff's contractual duty to repay his loan, such that Plaintiff lacks standing to challenge any assignment of the Note.

As to Plaintiff's theory that the securitization failed to comply with the

requirements of the PSA, borrowers have no standing to enforce PSAs because they are not parties to them or beneficiaries of them. *See Andujar v. Deutsche Bank Nat'l Trust Co.*, 2015 WL 4094637, at *3 (D.N.J. July 7, 2015) ("Nor have Plaintiffs pled that they are parties to the PSA such that they could enforce the terms of the agreement regarding the validity of assignment or transfer."); *Eun Ju Song v. Bank of America, N.A.*, 2015 WL 248436, at *3 (D.N.J. Jan. 20, 2015) ("Plaintiff, who is not a party to or an intended third-party beneficiary of the PSA, lacks standing to assert a violation of the PSA."). Here, Plaintiff is not a party to the alleged PSA, and he alleges no facts to demonstrate that he is an intended third party beneficiary. Therefore, he lacks standing to enforce the alleged PSA.

Plaintiff's claims that MERS is not a valid beneficiary and had no authority to assign the mortgage are without merit. New Jersey courts have consistently held that MERS is authorized to assign a mortgage where it is named in the mortgage as the nominee for the lender and its successors and assigns, as occurred here. *See, e.g., Eun Ju Song*, 2015 WL 248436, at *2 ("[T]he Mortgage names MERS as the nominee for Countrywide and its successors and assigns. Thus, MERS, on behalf of the original lender, Countrywide, had the right to assign the Mortgage.

Plaintiff's challenge of MERS's assignment of the mortgage fails to support any claim for the additional reason that Plaintiff lacks the legal capacity to contest the assignment. Litigants have no standing to challenge the validity of an agreement to which they were not parties unless they make an affirmative showing that they are intended beneficiaries of that agreement. *See e.g., English v. Fed'l Nat'l Mortg. Ass'n*, 2013 WL 6188572, at *4 (D.N.J. Nov. 26, 2013) ("In the context of a mortgage assignment, case law has held that a mortgagor, or borrower, does not have standing to allege that an assignment between two third parties is invalid."); *Oliver v. Bank of Amer., N.A.*, 2014 WL 1429605, at *2 (D.N.J. Apr. 14, 2014) (dismissing complaint where borrowers failed to allege they were parties or

- 11 -

intended third party beneficiaries to assignment being challenged); *Pillitteri v. First Horizon Home Loans*, 2015 WL 790633, at *6 (D.N.J. Feb. 24, 2015) ("This Court is persuaded by the reasoning of our sister courts in *English* and in *Oliver* and holds that Plaintiffs do not have standing to challenge the validity of their mortgage assignments in this judicial proceeding."). Here, Plaintiff does not and cannot allege facts showing that he was a party to or an intended beneficiary of the assignment of mortgage. Accordingly, he lacks standing to challenge the assignment.

In addition, New Jersey Courts have expressly rejected the "split note theory." *See, e.g.*, *PHH Mortg. Corp. v. Garner*, 2013 WL 2459868, at *6 (N.J. App. Div. June 10, 2013) (rejecting split note theory); *Bank of New York v. Raftogianis*, 418 N.J. 323, 346 (Sup. Ct. 2010) ("there was no real intent to separate ownership of the note and mortgage at the time those documents were created"). Accordingly, there is simply no merit to Plaintiff's theory that the mortgage was "split" from the Note.

For all these reasons, Plaintiff's claim for lack of standing/wrongful foreclosure fails as a matter of law, and it must be dismissed.

### 2.    Plaintiff's Fraud Claims Are Time-Barred and Insufficiently Pled

Plaintiff claims that Defendants fraudulently induced him into getting the loan by concealing and failing to disclose materials terms, such as the fact that his loan was securitized. Compl. ¶¶ 76-91. Plaintiff also asserts that Defendants misrepresented that they are the holder and owner of the Note and the beneficiary of the Deed of Trust and tried to foreclose on a property in which they have no interest. *Id.* ¶ 86. Plaintiff's fraud claims are time-barred and insufficiently pled.

Plaintiff's claim for misrepresentations and nondisclosure during origination and at closing is subject to a six-year statute of limitations. N.J.S.A. 2A:14-1. The

loan closed on May 17, 2005. Compl. ¶ 29. Because Plaintiff did not bring his fraud claims until he filed suit in November 2015, they are time-barred.

The fraud claims are also insufficiently pled. To state a claim for fraud under New Jersey law, a plaintiff must allege: (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damage. *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 691 A.2d 350, 367-68 (1997). A claim of fraudulent concealment requires a plaintiff to additionally plead the existence of a duty to disclose. *Berman v. Gurwicz*, 189 N.J. Super. 89, 93, 458 A.2d 1311 (App. Div. 1981).

"Pursuant to Rule 9(b), a plaintiff alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the 'precise misconduct with which [it is] charged.' To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (quoting *Lum v. Bank of America*, 361 F.3d 217, 223-24 (3d Cir. 2004)). The basic tenets of fraud pleading require plaintiffs to state the "who," "what," "when," and "where" details of the alleged fraud. *Saporito v. Combustion Eng'g Inc.*, 843 F.2d 666, 675 (3d Cir. 1988), *vacated on other grounds*, 489 U.S. 1049 (1989) (Complaint dismissed where it alleged "the general content of the representations," but did not specify "who the speakers were . . . or who received the information."). To that end, group or collectivized allegations of fraud will not satisfy the particularity requirements. *Eli Lilly & Co. v. Roussel Corp.*, 23 F. Supp. 2d 460,491 (D.N.J. 1998) ("Fed.R.Civ.P. 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to 'defendants.'") (quoting *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993)).

Plaintiff's allegations fall far short of the requirements for pleading fraud. Plaintiff does not identify who made the alleged misrepresentations, when the representations were made, how they were made, or how that person or those persons were authorized to speak for Defendants.  Moreover, Plaintiff does not specify what loan terms were misrepresented, and he does not allege any facts showing that Defendants knew the representations were false or intended that Plaintiff rely on them.  The allegations thus entirely fail to put Defendants on notice of the basis of Plaintiff's claim, such that the claims fail as a matter of law and must be dismissed.

### 3.    **Plaintiff's Claim for Intentional Infliction of Emotional Distress Is Insufficiently Pled**

Plaintiff alleges that Defendants threatened him with the loss of his property by attempting to foreclose when they had no interest in the Property.  Compl. ¶ 93-95.  He claims that this was "so outrageous and extreme that it exceeds all bounds which is usually tolerated in a civilized community" and caused him severe emotional distress. *Id.* ¶¶ 95, 97.  Plaintiff's allegations fail to state a claim against Defendants.

To establish a claim for intentional infliction of emotional distress, a plaintiff must allege extreme and outrageous conduct, the proximate cause of which is distress so severe that it interferes with normal life activities. *See Buckley v. Trenton Savings Fund Society*, 111 N.J. 355, 366-69 (1988); *Griffin v. Tops Appliance City*, 337 N.J. Super. 15, 23-24 (App. Div. 2001).  Stated another way, a plaintiff must prove that the conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Buckley*, 111 N.J. at 366 (citations omitted).

- 14 -

New Jersey courts are reluctant to recognize emotional distress claims, reasoning that "subjective as they are, they offer a potential for abuse which dictates caution and the infrequency of circumstances deemed to justify judicial recognition of such claims." *Lemaldi v. DeTomaso of America, Inc.*, 156 N.J. Super. 441, 447 (Law Div. 1978). New Jersey courts recognize that "the limited scope of the tort tolerates many kinds of unjust, unfair and unkind conduct." *Bishop v. Okidata, Inc.*, 864 F. Supp. 416, 427 (D.N.J. 1994) (quoting *Fregara v. Jet Aviation Business Jets,* 764 F. Supp. 940, 956 (D.N.J. 1991)). While intentional infliction of emotional distress has been recognized as an independent cause of action in New Jersey, it requires shockingly outrageous conduct. *Buckley*, 111 N.J. at 366.

In order to establish the type of severe emotional distress contemplated by this theory, a plaintiff is also required to demonstrate a "severe and disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so." *Griffin*, 337 N.J. Super. at 26. The standard applied is an objective one, and the defendant's conduct must be "sufficiently severe to cause genuine and substantial harm to average persons." *Turner v. Wong*, 363 N.J. Super. 186, 200 (App. Div. 2003).

In the present case, Plaintiff simply has not and cannot meet this high standard. He alleges only that Defendants attempted to foreclose on the Property without the right to do so. Even assuming the truth of the assertion that Defendants had no interest in the Property, an attempted foreclosure is hardly conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Buckley*, 111 N.J. at 366. For this reason alone, Plaintiff's claim fails.

In addition, Plaintiff has not alleged *facts* that Defendants *intended* to cause him emotional distress. In his Complaint, Plaintiff makes the conclusory allegation that Defendants' conduct "was undertaken with the specific intent of inflicting emotional distress on the Plaintiff." Compl. ¶ 97. But Plaintiff alleges no facts to support this bald statement, which is patently a mere recitation of the element of the claim.

Therefore, Plaintiff has not alleged and cannot maintain a claim for intentional infliction of emotional distress as a matter of fact and law. Accordingly, this claim must be dismissed with prejudice.

### 4.    **Plaintiff's Slander of Title Claim Is Insufficiently Pled**

Plaintiff alleges that Defendants disparaged his title to the Property by recording various documents such as the Notice of Default, Notice of Trustee's Sale, and Trustee's Deed. Compl. ¶ 104. Plaintiff's slander of title claim fails because he does not plead facts sufficient to establish each element of slander of title under New Jersey law, including malice and special damages.

To establish a cause of action for slander of title, a plaintiff must demonstrate: "(1) publication (2) with malice (3) of false allegations concerning plaintiff's property or product (4) causing special damages, i.e., pecuniary harm." *Sys. Operations, Inc. v. Scientific Games Dev. Corp.*, 555 F.2d 1131, 1140 (3d Cir. 1977); *accord Stewart Title Guar. Co. v. Greenlands Realty, L.L.C.*, 58 F. Supp. 2d 370, 388 (D. N.J. 1999); *Lone v. Brown*, 199 N.J. Super. 420, 426 (1985). "Malice is defined as the intentional commission of a wrongful act without just cause or excuse." *Brown*, 199 N.J. Super. at 426 (quoting *Mayflower Industries v. Thor Corp.*, 15 N.J. Super. 139, 152 (Ch. Div. 1951)). To allege malice, a plaintiff must show that the defendant "knew the statement to be false or acted in reckless disregard of its truth or falsity." *Ellman v. Hinkes*, 2007 WL 632968, at *8 (N.J. Super. Ct. App. Div. 2007) (internal citations omitted). Further, "[i]n order that a

statement may be disparaging to another's property in land or other things," it must "cast[] doubts upon the extent of the other's ownership." *Frega v. N. N.J. Mortg. Ass'n*, 51 N.J. Super. 331, 338, 143 A.2d 885, 889 (App. Div. 1958).

Plaintiff's claim is fatally insufficient in that he fails to plead facts to substantiate the malice requirement of slander of title. First, a review of the property records on file with the County Recorder relative to the Property address shows that no Notice of Default, Notice of Trustee's Sale, or Trustee's Deed has been recorded. Bender Cert., ¶ 7. Therefore, there has been no publication by Defendants as alleged by Plaintiff. In addition, even if Defendants had recorded these documents, they would have been filed as part of the foreclosure process and would have been necessary to protect their legal position in the wake of Plaintiff's default. Plaintiff fails to allege a single statement on the part of Defendants that does not serve a legitimate business purpose and is not a standard part of the foreclosure process. Therefore, Plaintiff fails to satisfy the malice element of his claim.

Plaintiff also fails to allege facts showing how or why any alleged recordings cast doubt upon the title of his property. *Frega*, 51 N.J. Super. at 338, 143 A.2d at 889. In addition, Plaintiff fails to plead special damages with particularity, as required by Fed. R. Civ. P. 9(g). Plaintiff alleges in conclusory fashion that as a result of "Defendants'" conduct, "Plaintiff's title to the Property has been disparaged and slandered" and that he "has incurred expenses in order to clear title to the Property." Compl. ¶¶ 106, 107. These bare allegations do not meet the standard of specificity required to successfully plead slander of title. *See, e.g., Arista Records, Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 428 (D.N.J. 2005) (dismissing trade libel counterclaim for failure to plead special damages with particularity).

For all these reasons, Plaintiff's slander of title claim fails as a matter of law and must be dismissed with prejudice.

### 5.    **Plaintiff's Quiet Title Claim Is Insufficiently Pled**

Plaintiff alleges that none of the Defendants hold a perfected and secured claim in the Property and that all Defendants are precluded from asserting an unsecured claim against the Property.  Compl. ¶ 116.   As discussed above, Plaintiff's challenge to defendants' standing to foreclose is meritless.  *See supra* Section III.C.1.  Regardless, Plaintiff's claim fails as a matter of law.

To state a quiet title claim, a plaintiff "must describe the nature of the competing claims in his complaint" and "must allege facts showing that a defendant's competing interest is wrongful."  *Andujar*, 2015 WL 4094637, at *4.  "[A] conclusory allegation that Defendant's claim to title is invalid is insufficient to state a claim for quiet title."  *Id.*   Where a plaintiff makes only conclusory allegations in support of a quiet title claim, it is subject to dismissal.  *See, e.g., Cabeza v. Fed. Home Loan Mortg. Corp.*, 2015 WL 2226024, at *4 (D.N.J. May 12, 2015) ("Plaintiffs' claim to quiet title is based on nothing more than conclusory allegations and Plaintiffs' questioning of the validity of the assignment of the Mortgage, which is insufficient to establish a claim for quiet title."); *Schiano v. MBNA,* 2013 WL 2452681, at *26 (D.N.J. Feb. 11, 2013) (dismissing complaint and holding that plaintiffs' allegations that they do not know the owner of their mortgage and that the assignments of their mortgage are invalid are not sufficient to establish a quiet title action).

Here, Plaintiff's alleges in conclusory fashion "upon information and belief" that "none of the parties to neither the securitization transaction, nor any of the Defendants in this case, hold a perfected and secured claim in the Property; and that all Defendants are estopped and precluded from asserting an unsecured claim against Plaintiff's estate."  Compl. ¶ 116.  Such factually unsupported allegations

are insufficient to support a claim for quiet title. Accordingly, the claim fails as a matter of law and must be dismissed.

### 6. Plaintiff's Declaratory Relief Claim Fails As a Matter of Law

Plaintiff's seventh cause of action for declaratory relief alleges that "[a]n actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties regarding the Note and Mortgage/Trust Deed." Compl. ¶ 120. Because this claim is clearly derivative of Plaintiff's other failed claims, *supra* and *infra*, his declaratory relief claim necessarily fails as well. *See Andujar v. Deutsche Bank Nat'l Trust Co.*, 2015 WL 4094637, at *3 (D.N.J. July 7, 2015) ("declaratory relief is inappropriate because, as discussed below, none of Plaintiffs' substantive counts states a claim upon which relief may be granted").

### 7. Plaintiff's Claim for Violations of TILA Is Time-Barred and Insufficiently Pled

Plaintiff alleges that "Defendants violated TILA/HOEPA by failing to provide Plaintiff with accurate material disclosures required under TILA/HOEPA." This claim is time-barred and insufficiently pled.

TILA damages claims are subject to a one-year statute of limitations, running from the date of the loan transaction. 15 U.S.C. § 1640(e); *Galayda v. Wachovia Mortg., FSB*, 2010 WL 5392743, at *6 (D.N.J. Dec. 22, 2010); *Dimitrakis v. CitiBank, F.S.B.*, 2013 WL 496046, at *3 (D.N.J. Feb. 7, 2013) ("The date of the violation is the date of the closing when the transaction was consummated"). Because Plaintiff did not file his lawsuit until November 2015, more than ten years after the May 2005 loan transaction, the claim is time-barred as a matter of law and must be dismissed with prejudice.

Plaintiff asserts that the statute of limitations was tolled "due to Defendants' failure to effectively provide the required disclosures and notices." Compl. ¶ 134.

This assertion does not save his claim.  To meet the standard of equitable tolling, a plaintiff must demonstrate that he "exercised reasonable diligence in investigating and bringing the claims."  *Miller v. New Jersey Dep't of Corrections*, 145 F.3d 616, 618-19 (3d Cir. 1998); *accord Galayda*, 2010 WL 5392743, at *6.  Plaintiff's conclusory assertion is unsupported by any allegations of fact stating why he could not have discovered Defendants' alleged failure to provide TILA disclosures earlier.  Plaintiff does not and cannot deny that he had access to the loan documents containing the terms and conditions of his loan since May 2005.  See Compl. ¶ 29.  "Due diligence" does not mean waiting until ten years after a loan origination to discover alleged wrongdoing.  Therefore, there is no basis for tolling the statute of limitations.

Plaintiff's claim also fails because it is inadequately pled.  To state a TILA claim, a plaintiff must specifically plead the details of his loan and accompanying disclosures, which disclosures the plaintiff alleges were improperly given, and how they were improper.  *See Dimitrakis*, 2013 WL 496046, at *3 (dismissing TILA claim, finding that plaintiffs' allegation that "Defendant . . . failed to comply with TILA by failing to provide [Plaintiffs] with proper and accurate written rescission notice and accurate material disclosures as required by TILA" "fail[ed] comply with the requirements of Federal Rule of Civil Procedure 8(a) which requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give defendant fair notice of what the claim is and the grounds upon which it rests."); *Marks v. Chicoine*, 2007 WL 160992, at *7 (N.D. Cal. Jan. 18, 2007) (dismissing TILA and HOEPA claims for failure to allege how defendants violated those statutes); *Justice v. Countrywide Home Loans, Inc.*, 2006 WL 141746, at *2 (E.D. Tenn. Jan. 18, 2006) (dismissing TILA claim based upon the "mere recitation of statutory language, absent supporting allegations").

A plaintiff bringing a TILA claim for actual damages is further required to plead detrimental reliance on any allegedly inadequate disclosure. 15 U.S.C. § 1640(a); *Drennan v. PNC Bank, N.A.*, 622 F.3d 275, 278 (3d Cir. 2010) (detrimental reliance is an element of a claim for actual damages under TILA); *Vallies v. Sky Bank*, 591 F.3d 152, 158 (3d Cir. 2009) ("Without detrimental reliance, only statutory damages are available [under TILA].").

Here, Plaintiff's generalized allegations of wrongdoing do not meet the pleading requirements for TILA. Plaintiff does not plead any facts describing the loan origination process, does not attach any loan documents, and does not specify how his particular loan terms differed from the TILA disclosures. Thus, Plaintiff does not provide enough factual detail to put Defendants on notice of the alleged wrongful conduct. His TILA claim further fails to the extent he seeks actual damages because he does not allege how he was damaged or how he relied on any allegedly inadequate disclosure to his detriment.

For all of these reasons, Plaintiff's TILA claim must be dismissed with prejudice.

### 8. Plaintiff's Claim for Violations of RESPA Is Time-Barred and Insufficiently Pled

In his ninth cause of action, Plaintiff claims that Defendants violated RESPA because "[t]he interest and income that Defendants have gained is disproportionate to the situation Plaintiff find themselves in due directly to Defendant's failure to disclose that they will gain a financial benefit while Plaintiff suffer financially as a result of the loan product sold to Plaintiff." Compl. ¶ 144. This claim, like Plaintiff's TILA claim, is time-barred and insufficiently pled.

Damage claims under RESPA are subject to a one-year statute of limitations, running from the consummation of the loan transaction. *See Galayda*, 2010 WL

5392743, at *6 (citing 12 U.S.C. § 2614). Because Plaintiff did not bring suit until more than ten years after the loan was originated, his RESPA claim is time-barred.

In addition, Plaintiff fails to allege facts showing how the alleged RESPA violations caused him to suffer damages. "[A]lleging a breach of RESPA duties alone does not state a claim under RESPA. Plaintiffs must, at a minimum, also allege that the breach resulted in actual damages." *Hutchinson v. Delaware Savs. Bank FSB*, 410 F. Supp. 2d 374, 383 (D.N.J. 2006). Here, Plaintiff claims only that Defendants obtained a "windfall," and he alleges in conclusory fashion that "[a]s a proximate result of Defendants' actions, Plaintiff has been damage[d] in an amount not yet ascertained." Compl. ¶ 147. These bare bones allegations fail to put Defendants on notice of the basis of the claim against them and fail to state a claim against Defendants.

### 9. Plaintiff's Claim for Rescission is Time-Barred

In his final cause of action, Plaintiff alleges that he is entitled under TILA to rescind the loan. Compl. ¶ 149. However, as he acknowledges, the statute of limitations for a rescission claim is three years from the date of closing. *Id.* ¶ 150; *see also* 15 U.S.C. § 1635(f) ("[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction"). The "date of consummation" of the transaction is the date on which the loan is signed. *See* 12 C.F.R. § 226.2(a)(13) ("Consummation means the time that a consumer becomes contractually obligated on a credit transaction."). Because the loan was consummated in 2005, and Plaintiff did not file suit until November 2015, any claim for rescission under TILA is time-barred.

## IV.    CONCLUSION

Pursuant to the *Younger* Doctrine and the Entire Controversy Doctrine, this Court lacks subject matter jurisdiction over this case. Moreover, it is clear from the allegations of the Complaint that Plaintiff does not have any viable claim against

Defendants and that amendment would be futile. Therefore, for all the reasons discussed above, Plaintiff's Complaint should be dismissed in its entirety with prejudice.

**REED SMITH LLP**
Attorneys for Defendants
HSBC Bank USA, National Association
as Trustee for GSAA Home Equity Trust
2005-12 (sued erroneously as "HSBC
Bank USA, National Association as
Trustee for Securitized Trust GSAA
Home Equity Trust 2005-12"); Wells
Fargo Bank, N.A.; and Mortgage
Electronic Registration Systems, Inc.
(sued erroneously as "Mortgage
Electronic Registration System")

By:  *s/Aaron M. Bender*
     Aaron M. Bender

Dated: December 11, 2015