**CLOSING**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| CHAMBERS OF | MARTIN LUTHER KING |
|---|---|
| MADELINE COX ARLEO | COURTHOUSE |
| UNITED STATES DISTRICT JUDGE | 50 WALNUT ST. ROOM 2060 |
| | NEWARK, NJ 07101 |
| | 973-297-4903 |

July 5, 2016

VIA REGULAR MAIL & CERTIFIED MAIL, R.R.R.
Owen T. Lennon, Pro Se
C/O General Post Office
2 W. Emerald Isle Drive
Lake Hopatcong, NJ 07849

VIA ECF
Counsel for Defendants

**LETTER ORDER**

Re:  Owen T. Lennon v. CIT Originators, et al.
     Civil Action No. 15-7866

Dear Litigants:

Pro se Plaintiff Owen T. Lennon ("Plaintiff") asserts various common law and statutory claims, all challenging the validity of an underlying final judgment of foreclosure entered by the state court on his residential property in New Jersey. Before the Court is Defendants First National Bank of Arizona; HSBC Bank USA ("HSBC"); Wells Fargo Bank, N.A. ("Wells Fargo"); and Mortgage Electronic Registration Systems, Inc.'s ("MERS") (collectively, "Defendants") Motion to Dismiss. Dkt No. 3. Plaintiff did not oppose the motion. For the reasons set forth below, the motion is **GRANTED**.

When, as here, subject matter jurisdiction is challenged under 12(b)(1), the plaintiff has the burden to show that the Court has the requisite jurisdiction to hear the case. Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). The district court "may not presume the truthfulness of plaintiff's allegations, but rather must evaluat[e] for itself the merits of [the] jurisdictional claims." Id. (internal citation omitted).

In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all of the facts in the complaint and draws all reasonable inferences in favor of the plaintiff. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). Dismissal is inappropriate even where "it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." Id. The facts alleged, however, must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555

(2007). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. Accordingly, a complaint will survive a motion to dismiss if it provides a sufficient factual basis such that it states a facially plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

For allegations sounding in fraud, Rule 9(b) imposes a heightened pleading standard: namely, "a party must state with particularity the circumstances constituting fraud or mistake," but "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The circumstances of the fraud must be stated with sufficient particularity to put a defendant on notice of the "precise misconduct with which [it is] charged." Lum v. Bank of Am., 361 F.3d 217, 224 (3d Cir. 2004). "To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007).

Because Plaintiff is proceeding pro se, the Court construes the pleadings liberally and holds him to a less stringent standard than those filed by attorneys. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the "Court need not . . . credit a pro se plaintiff's 'bald assertions' or 'legal conclusions.'" D'Agostino v. CECOM RDEC, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010). The Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." Baraka v. McGreevey, 481 F.3d 187, 211 (3d Cir. 2007). Legal conclusions couched as factual allegations and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [will] not suffice" to prevent a motion to dismiss. Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 555)).

In May 2005, Plaintiff Owen Lennon ("Plaintiff" or "Lennon") obtained a $460,000 loan from First National Bank of Arizona, which was secured by a mortgage on Plaintiff's property in Jefferson Township, New Jersey. Compl. ¶ 29, Dkt. No. 1; Certification of Aaron M. Bender, Esq. ("Bender Cert.") Ex. A, Dkt. No. 3-2.[1] The Mortgage was then assigned to Defendant HSBC, though Plaintiff alleges that the assignment was invalid. See Compl. ¶ 30. In December 2014, HSBC filed a foreclosure action against Plaintiff in the Superior Court of New Jersey, Chancery Division. Bender Cert. Exs. B, C. The foreclosure action is still pending. Bender Cert. Ex. C.

In November 2015, Plaintiff filed the instant Complaint against Defendants challenging the validity of the loan.[2] Dkt. No. 1. Plaintiff claims that Defendants, and anyone else who allegedly own or owned Plaintiff's mortgage and note, unlawfully sold, assigned or transferred their ownership of the mortgage and note. Id. ¶ 14. The claims are based on allegations that Plaintiff's loan was securitized into a trust, and therefore Defendants do not have have any interest in the loan and cannot foreclose on his home. See id. ¶¶ 29-55. He also asserts that the

---

[1] Defendants attached several exhibits to their Motion to Dismiss. Because these documents are matters of public record and are relied on in the pleadings, the Court may consider them in evaluating Defendants' Motion. See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

[2] The Complaint also included an application for a temporary restraining order, injunctive relief, and declaratory relief. See Compl.

securitization and subsequent assignments did not comply with the terms of the Pooling and Service Agreement ("PSA"), which governs the trust's operations, and are therefore void. Id. In support of these allegations, Plaintiff attaches, as an exhibit to the Complaint, a copy of a "Property Securitization Analysis Report" prepared on June 30, 2015 by Certified Forensic Loan Auditors, LLC.[3] See Unmarked Exhibit to Compl., Dkt. No. 1-1.

Plaintiff asserts the following causes of action: (1) lack of standing/wrongful foreclosure; (2) fraud in the concealment; (3) fraud in the inducement; (4) intentional infliction of emotional distress; (5) slander of title; (6) quiet title; (7) declaratory relief; (8) violation of the Truth in Lending Act ("TILA")/Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1601 et seq.; (9) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq.; and (10) rescission. Id. ¶¶ 56-152.

Defendants moved to dismiss, arguing that the Court lacks subject matter jurisdiction based on the Younger Abstention Doctrine and the Entire Controversy Doctrine ("ECD"). In the alternative, Defendants argue for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. The Court declines to abstain under Younger or the ECD, but agrees that dismissal is appropriate under 12(b)(6).

The Younger doctrine requires a district courts to abstain from exercising jurisdiction in three "exceptional" circumstances: "state criminal prosecutions, civil enforcement proceedings, and civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." Sprint Commc'ns, Inc. v. Jacobs, 134 S. Ct. 584, 588 (2013) (internal quotation marks and citation omitted). District courts have routinely found that foreclosure proceedings do not fall within these three categories, and have declined to apply Younger abstention to state court foreclosure proceedings. See, e.g., Gorodeski v. U.S. Bank Nat'l Ass'n, No. 15-2271, 2016 WL 111422, at *3 (D.N.J. Jan. 11, 2016). Accordingly, the Court declines to abstain under Younger in the instant matter.

Nor does the ECD bar Plaintiff's claims. Under the Entire Controversy Doctrine, parties must litigate all possible claims arising out of a series of events in a single action. Fields v. Thompson Printing Co., Inc., 363 F.3d 259, 265 (3d Cir. 2004). However, "the Entire Controversy Doctrine does not preclude the initiation of a second litigation before the first action has been concluded." Rycoline Prods., Inc. v. C & W Unlimited, 109 F.3d 883, 889 (3d Cir. 1997); see also DeHart v. U.S. Bank, N.A. ND, 811 F. Supp. 2d 1038, 1045 (D.N.J. 2011). Defendants have conceded that the state foreclosure proceeding is still pending. Mot. to Dismiss at 6, Dkt. No. 3-

---

[3] What this company is, what it does, or what it did in this case are not clearly alleged. Plaintiffs in other actions before this Court have presented virtually identical forensic audits prepared by the same company. See, e.g., Abreu v. Gov't Nat'l Mortg. Assoc., No. 15-1710, Dkt. No. 14 (D.N.J. Nov. 24, 2015); Gibbs v. Gov't Nat'l Mortg. Assoc., No. 15-2601, Dkt. No. 37 (D.N.J. Jan. 14, 2016); Thomas v. Bank of New York, et al., No. 15-1882, Dkt. No. 13 (D.N.J. Jan. 22, 2016). The Court noted in these cases, and reiterates now, its concern over the dubious nature of such reports. See FORENSIC LOAN AUDITS, http://www.consumer.ftc.gov/articles/0130-forensic-loan-audits (last visited June 16, 2016) (warning that the "latest foreclosure rescue scam to exploit financially strapped homeowners pitches forensic mortgage loan audits").

1. Accordingly, the Court declines to apply the Entire Controversy Doctrine while the state foreclosure proceeding is still pending.

Dismissal of all claims is nonetheless appropriate pursuant to Fed. R. Civ. P. 12(b)(6). Count 1 asserts "lack of standing/wrongful foreclosure." First, Plaintiff alleges that Defendants lack standing to foreclose because the Mortgage was improperly assigned and securitized. See Compl. ¶ 57. However, Plaintiff must allege facts that he was a party to, or intended beneficiary of, the assignment of the Mortgage to challenge its validity. See Pillitteri v. First Horizon Home Loans, No. 14-3076, 2015 WL 790633, at *6 (D.N.J. Feb. 25, 2015); see also English v. Fed. Nat. Mortgage Ass'n, No. 13-2028, 2013 WL 6188572, at *4 (D.N.J. Nov. 26, 2013) ("In the context of a mortgage assignment, case law has held that a mortgagor, or borrower, does not have standing to allege that an assignment between two third parties is invalid"). Plaintiff has not alleged any such facts. Count 1 thus fails to the extent it alleges defects in the assignment or securitization of the Mortgage.[5] Plaintiff also refers to "wrongful foreclosure," but does not cite to any statute or case law that supports such a claim. Moreover, the Court is unaware of any such independent claim under New Jersey state law. Count 1 is therefore dismissed.

Counts 2, 3, and 4—fraud in the concealment, fraud in the inducement, and intentional infliction of emotional distress—are all tort claims based solely on the contractual relationship created by the Mortgage and Note. The economic loss doctrine "prohibits plaintiffs from recovering in tort economic losses to which their entitlement only flows from a contract." Duquesne Light Co. v. Westinghouse Elec. Co., 66 F.3d 604, 618 (3d Cir. 1995); see also Perkins v. Washington Mut., FSB, 655 F. Supp. 2d 463, 471 (D.N.J. 2009) (barring a negligence claim); Bracco Diagnostics, Inc. v Bergen Brunswig Drug Co., 226 F. Supp. 2d 557, 565 (D.N.J. 2002) (barring a fraud claim). These Counts must be dismissed.

Count 5 is for "slander of title." To establish a cause of action for slander of title, a plaintiff must demonstrate "(1) publication (2) with malice (3) of false allegations concerning plaintiff's property or product (4) causing special damage, i.e., pecuniary harm." Sys. Operations, Inc. v. Sci. Games Dev. Corp., 555 F.2d 1131, 1140 (3d Cir. 1977). To allege malice, a plaintiff must show that defendant "knew the statement to be false or acted in reckless disregard of its truth or falsity." Morin v. 20/20 Cos., No. 10-6476, 2012 WL 3880205, at *7 (D.N.J. Sept. 5, 2012) (quoting Erickson v. Marsh & McLennan Co., Inc., 117 N.J. 539, 565 (1990)). Plaintiff's only allegation under Count 5 relating to false allegations is the conclusory statement that:

> Defendants, and each of them, disparaged Plaintiff's exclusive valid title by and through the preparing, posting, publishing, and recording of the documents previously described herein . . . and the documents evidencing the commencement of foreclosure by a party who does not possess that right.

---

[5] Even if Plaintiff had standing, his argument would fail. His claims rest on the legally erroneous assertions that securitization and assignment of his Mortgage render it invalid. He does not provide, and the Court is not aware of, any case law that supports his contention.

Compl. ¶ 104. This allegation is facially insufficient to state a cause of action for slander of title. See Gonzalez v. U.S. Bank Nat. Ass'n, No. 14-7855, 2015 WL 3648984, at *12 (D.N.J. June 11, 2015) (dismissing slander of title claim asserting identical conclusory allegation).

Count 6 is for "quiet title," and seeks to enjoin the sale of the property because Defendants do not "hold a perfected and secured claim in the Property." Compl. ¶¶ 116-17. Pleading requirements for quiet title are established by the state's quiet title statute. Club Comanche, Inc. v. Gov't of the Virgin Islands, 278 F.3d 250, 259 (3d Cir. 2002). Under New Jersey law, "a plaintiff must describe the nature of the competing claims and allege facts demonstrating that the defendant's claim to the property is wrongful." Gorodeski, 2016 WL 111422, at *5 (citation omitted). "Conclusory allegations regarding the Loan, the transfer of interest in the Note, or the illegal assignment of the Mortgage are not sufficient to establish quiet title." Id. (citation omitted). Because the Complaint contains only conclusory assertions that Defendants lack any right in the property, Count 6 is dismissed.

Count 7 is for declaratory relief and seeks a "judicial determination of the rights, obligations and interest of the parties with regard to the Property." Compl. ¶ 123. Before entering a declaratory judgment, "[t]here must be a substantial controversy between the parties having adverse legal interest of sufficient immediacy and reality to warrant issuance of a declaratory judgment." Zimmerman v. HBO Affiliate Grp., 834 F.2d 1163, 1170 (3d Cir. 1987). The test is whether "a real question of conflicting legal interests is presented." Id. Here, Plaintiff's claims for declaratory relief rise from the allegation that Defendants do not have the right to institute foreclosure because the Mortgage was improperly assigned and securitized. However, a borrower does not have standing to allege that an assignment between two third parties is invalid. See Hernandez v. Fed. Nat'l Mortgage Ass'n, No. 14-7950, 2015 WL 3386126, at *3 (D.N.J. May 26, 2015). Without standing, there are no "real questions of conflicting legal interests" presented to the Court. Zimmerman, 834 F.2d at 1170. Accordingly, Count 7 is dismissed.

Counts 8 and 9 allege violations of TILA/HOEPA and RESPA. First, these claims contain conclusory allegations that lack sufficient facts to set out any potential statutory violation. Second, Plaintiff is not entitled to relief because he filed his federal suit after the statute of limitations had expired under either act. Claims for rescission under TILA/HOEPA are governed by a three-year statute of limitations, based on the date of the Loan's origination. 15 U.S.C. § 1635(f). Claims for violation of § 2607 of RESPA are governed by a one-year statute of limitations. 12 U.S.C. § 2614. Plaintiff did not file this Complaint until November 3, 2015, over ten years after the loan was originated on May 17, 2005. These counts are therefore barred by the statute of limitations.

Count 10 seeks rescission. Rescission is not a cause of action, but rather an equitable remedy. See McGarvey v. Penske Auto. Grp., Inc., No. 08-5610, 2011 U.S. Dist. LEXIS 35408, at *17 (D.N.J. Mar. 31, 2011); Hoke, Inc. v. Cullinet Software, Inc., No. 89-1319, 1992 WL 106784, at *2 (D.N.J. Apr. 28, 1992) ("[R]escission refers to a remedy, not a cause of action."). This Count therefore fails.

For the reasons stated above, Defendants' Motion to Dismiss is **GRANTED**; Plaintiff's Application for a temporary restraining order, injunctive relief, and declaratory relief, Dkt. No. 1-2, is **DENIED AS MOOT**; Counts 8 and 9 are **DISMISSED WITH PREJUDICE**; Counts 1, 2,

3, 4, 5, 6, 7, and 10 are **DISMISSED WITHOUT PREJUDICE**; and Plaintiff shall have **twenty-one (21) days** from the date of this Order to file an amended complaint.

                                            **SO ORDERED**

                                      */s Madeline Cox Arleo*_____
                                      **MADELINE COX ARLEO**
                                      **UNITED STATES DISTRICT JUDGE**